## DETERMINED IN THE

# SUPREME COURT

### OF

# WASHINGTON

[No. 10760. Department Two. November 4, 1912.]

THE STATE OF WASHINGTON, *on the Relation of E. H. Ferguson et al., Plaintiff*, v. THOMAS E. GRADY, *as Judge etc., Defendant.*[1]

APPEAL—SUPERSEDEAS—INJUNCTION. Rem. & Bal. Code, § 1723, providing for a supersedeas on appeal from a final judgment in a cause wherein a "temporary injunction has been granted," does not authorize a supersedeas, where a temporary restraining order was issued without notice until a hearing could be had, and upon an order to show cause why a temporary injunction should not issue, the parties appeared and agreed to an early trial on the merits, and a continuance was had upon the application for the injunction *pendente lite*, leaving the restraining order in *statu quo*, and after trial, final judgment was entered dismissing the case, and no injunction was issued and no agreement made that the restraining order should stand as a temporary injunction.

MANDAMUS—PROCEEDINGS—BURDEN OF PROOF. Upon application to the supreme court for a writ of mandamus, the applicant has the burden of proof, if the facts are denied, and must fail where he stands upon allegations put in issue without asking for a reference to determine the facts.

Application filed in the supreme court September 30, 1912, for a writ of mandamus to compel the superior court for Yakima county, Grady, J., to fix the amount of a supersedeas bond. Denied.

*Bonsted & Kemp*, for relators.

*Englehart & Rigg*, for defendant.

[1]Reported in 127 Pac. 305.

FULLERTON, J.—This is an original application for a writ of mandamus commanding the respondent to fix a super-sedeas bond, for the purpose of continuing in force pending an appeal a restraining order, issued without notice, which it is claimed became by agreement a temporary injunction. The record as made in this court shows the following: On August 21, 1912, the relators, as plaintiffs, began an action in the superior court of Yakima county against the city of Toppenish, the mayor, councilmen and clerk of the city and the Barber Asphalt Paving Company, as defendants, seeking to enjoin the defendants city of Toppenish and the persons named as officers thereof from entering into a contract with the defendant Barber Asphalt Paving Company for paving certain streets of the defendant city. On the filing of the complaint, a temporary restraining order was issued without notice to the defendants, restraining the defendants from entering into such contract before a day certain named therein, and requiring them to appear on the day named and show cause, if any they had, why a temporary injunction should not be issued enjoining the execution of the contract pending the final determination of the cause. The restraining order and order to show cause was duly served on all of the defendants except the defendant the Barber Asphalt Paving Company. Prior to the time fixed for the hearing, the defendants appeared and answered the complaint on the merits, and a reply to the answer was duly served and filed, in which an additional cause of action to the cause of action stated in the complaint was set forth.

The relators in their application for the writ of mandamus recite the subsequent proceedings in the following language:

"That on the said 24th day of August, 1912, at the hour appointed in the said order to show cause, plaintiffs, by their attorneys Bonsted & Kemp, and G. G. Lee, and the defendants, by their attorneys, Englehart & Rigg, Peters & Powell and W. H. Shea, Jr., appeared before the Honorable Thomas E. Grady, judge of said superior court, defendant herein, whereupon the following proceedings were had.

Plaintiffs moved that the new matter set up in their reply be treated as an amendment to their said complaint, to which motion counsel for defendants consented, and motion was allowed by the court. Thereupon Mr. Englehart, of counsel for defendants, briefly reviewed the allegations of the complaint, and suggested to the court that the hearing upon the order to show cause would necessarily involve trying all the issues in the case, and that if satisfactory to the court and to counsel for plaintiffs, that the court fix a date for trial at which time the whole case would be heard on its merits, and that in the meantime the restraining order theretofore issued, remain in full force and effect, pending the final determination of the action, to all of which counsel for plaintiffs consented and the court accordingly fixed as the date of trial the 4th day of September, 1912.

"That said cause came on for trial on the said 4th day of September, and the whole cause was tried on its merits, the trial continuing for three (3) full days; that thereafter and on the 19th day of September, 1912, the court rendered its decision, and ordered judgment in favor of defendants and dismissing plaintiffs' complaint, and adjudged and decreed that any and all restraining orders theretofore issued, in said action, be of no further force or effect, whereupon deponent, as one of counsel for plaintiffs, duly excepted to the judgment of the court, and gave notice in open court before the judge thereof, the defendant above named, that plaintiffs appeal from said judgment to the supreme court of the state of Washington, that thereupon the court directed the clerk of said court to make entry of such notice of appeal in the journal of the court; that immediately thereafter deponent, as one of counsel for plaintiffs, moved the court to fixe the penalty of the bond to be filed by plaintiffs for the purpose of continuing in force, during the pendency of such appeal, the temporary injunction theretofore granted in said cause; that the court continued the hearing of said motion until Monday, the 23rd day of September, 1912, at 1:30 p. m., at which time plaintiffs appeared before said court by deponent as their counsel, defendants appearing by Ira P. Englehart, of counsel, and after hearing argument of counsel the court refused to fix the amount of said supersedeas bond and ever since has and still refuses to fix the amount of such bond."

The answer of the trial judge, as set forth in his return to the application for the writ, recites the proceedings as follows:

"And I further allege and aver that all matters and things in said affidavit of D. H. Bonsted contained are true and correct, except that on the 24th day of August, 1912, instead of the proceedings being had at said time as set up and stated by said D. H. Bonsted in his said affidavit in said lines seven to twenty-three, inclusive, of page four thereof, being had, the following took place and occurred at said time.

"It was agreed in addition to the matters and things referred to in said affidavit of D. H. Bonsted, that the defendants' answer should stand as the answer to the plaintiffs' amended complaint in said action. Thereupon Mr. Englehart, of counsel for defendants, briefly reviewed the allegations of the pleadings, and suggested to the court that the hearing upon the order to show cause why a temporary injunction pending the final disposition of the case should or should not issue, would probably involve trying all the issues in the case at that hearing in advance of the final trial, and that the effect would be to have two full trials of the same issues; that the defendants were ready to go ahead and then and there try the question of whether a temporary injunction should issue in the case or not, pending the final hearing, but were willing that the whole question should be tried at a later date if the court and counsel for plaintiffs were willing. The counsel for plaintiffs and defendants, in open court before me, then agreed that no hearing should be had upon the show cause order already issued, that day; that the original restraining order entered without notice and then outstanding, should remain in *statu quo* and the hearing on said show cause order should be continued until September 4th, 1912, at ten o'clock a. m., when the question would be tried out as to whether any injunction of any kind or at all should issue in the case. No restraining order or injunction of any kind whatsoever, other than the one a copy of which is referred to in the relators' application herein, was ever made or entered in said action, and it was issued without notice to defendants or either of them. At the time appointed, to wit, September 4th, 1912, at ten o'clock a. m., the said action came on for trial before me, was tried, and thereafter and on the 19th day of September, 1912, I ren-

dered my decision as superior judge, and entered judgment in favor of the defendants, and decided that no injunction of any kind or at all should issue in favor of the plaintiffs or either of them, and against the defendants, or either of them, in said action.    That I did not fix the amount of a supersedeas bond in said action, at the request of relators, because no temporary injunction had ever been issued in said action. That the hearing which was had in said action before me on the 4th day of September, 1912, was as to whether or not any temporary or permanent injunction should issue in said action, all of which I decided in the negative."

The statute relating to a supersedeas on an appeal from a final judgment in which a temporary injunction has been granted by the party applying for the injunction, reads as follows:

"In all cases where a final judgment shall be rendered by any superior court of this state in a cause wherein a temporary injunction has been granted, and the party at whose instance such injunction was granted shall appeal from such judgment, such injunction shall remain in force during the pendency of such appeal, if, within five days after service on him of notice of the entry of the final judgment, such appellant shall file with the clerk of the superior court a bond, with one or more sufficient sureties, in a penalty to be fixed by said court, conditioned that the appellant shall pay to the respondent all costs and damages that may be adjudged against the appellant on the appeal, and all costs and damages that may accrue to the respondent by reason of the injunction remaining in force."    Rem. & Bal. Code, § 1723.

It is the appellants' contention that the restraining order, inasmuch as it was kept in force pending a further hearing of the cause after the day fixed for the hearing on the order to show cause why a temporary injunction should not issue, became in effect a temporary injunction, and entitled the relators as a matter of right to keep it in force pending an appeal taken by them from the final judgment entered in the cause.    Whether this contention is sound or not must depend, it seems to us, upon which version of the proceedings as above recited this court shall deem to be correct.    If it be true that

the defendants, after appearing in response to the order to show cause, consented that the restraining order should stand as a temporary injunction pending the final determination of the cause, it is clear that it became so in fact, and it can be kept in force pending an appeal from the final judgment as a matter of right in virtue of the section of the statute above quoted. But on the other hand, if it be true that the restraining order was continued in force until a more convenient season for trying the issues suggested by the order to show cause, and was not in fact kept in force as a temporary injunction, then it is equally clear that it does not remain in force pending an appeal, but lapses the moment the court refuses to grant an injunction. It has seemed to us that we must adopt the version of the proceedings set forth in the return to the writ as the correct version. The applicant for the writ has the burden of showing the facts necessary to authorize the issuance of the writ, and if the facts he sets forth in his application for its issuance are denied by the return, we must accept the return as true unless the applicant chooses to have the issues made tried under an order of reference. Here the applicant has asked for no such order, but has submitted the matter to our judgment on the pleadings as they stand. Accepting the return as true, no cause exists, as we say, for allowing the supersedeas.

The alternative writ heretofore issued will be quashed, and its application for the peremptory writ denied.

MOUNT, C. J., ELLIS, MAIN, and MORRIS, JJ., concur.