[No. 13930.  Department Two.  April 4, 1917.]

# H. A. Bier, *Appellant*, v. James B. Clements *et al.*, *Respondents.*[1]

Appeal — Supersedeas — By Appellate Court — Temporary Re-straining Order.  Upon appeal from a judgment of dismissal and a dissolution of a temporary restraining order, in an action to enjoin the county commissioners and other officials from selling negotiable bonds of the county, the supreme court will issue an order of super-sedeas·continuing the restraining order in force pending the appeal, where the new board of county commissioners has filed its consent thereto, and grave and irreparable injury might result from the issu-ance of negotiable bonds that might fall into the hands of innocent holders; in view of Const., art. 4, § 4, providing that the supreme court shall have power to issue all writs necessary and proper to the complete exercise of its appellate jurisdiction, and irrespective of whether a temporary restraining order may be superseded under Rem. Code, § 1723.

Application filed in the supreme court December 29, 1916, for a supersedeas.  Granted.

*Moulton & Jeffrey* and *M. F. Gose*, for appellant.

*C. W. Fristoe, E. A. Davis*, and *Zent & Powell*, for re-spondents.

Parker, J.—Appellant, H. A. Bier, seeks an order of this court in the nature of a mandate to the superior court for Benton county requiring that court to fix the amount of a supersedeas bond which he may give, to the end that he may have kept in force the restraining order issued against re-spondents by that court upon the commencement of this action, which order, it is insisted, became and was in effect a temporary injunction at the time of the rendering of the judgment of dismissal of the action.  Appellant also seeks, in the alternative, an order of this court in substance the

[1]Reported in 164 Pac. 82.

same as the restraining order issued against respondents by the superior court and kept in force up to the time of the rendering of the judgment of dismissal, to the end that the judgment ultimately to be rendered in this case upon appeal, should it be favorable to appellant, shall not be unavailing.

Appellant, a resident and taxpayer of Benton county, commenced this action in the superior court of that county on December 4, 1916, against the commissioners, treasurer and auditor of the county, seeking to have them enjoined from executing, issuing or negotiating the sale of negotiable bonds of the county, which they purposed to execute and negotiate in the total amount of $125,000 to raise funds for the building of a courthouse. Upon the filing of appellant's complaint and a showing in that behalf, but we assume without notice, the superior court issued a temporary restraining order restraining respondents "from performing any further acts whatsoever in connection with the issuing, signing, executing, delivering or negotiating of bonds for the purpose of building a courthouse in Benton county, Washington, until the further order of the court." No attempt was made to have this temporary restraining order dissolved, but by agreement of counsel for all parties, the cause was heard and submitted to the court for final decision upon the merits on December 13, 1916, when it was by the court taken under advisement, and the restraining order continued in force by an order as follows:

"It being deemed necessary that said temporary restraining order be continued in force until the final determination of said matter and until the entry of judgment herein, and the court being fully advised in the premises:

"It is therefore ordered by the court that the temporary restraining order heretofore issued in this matter be and the same is hereby continued in force until the final determination and entry of judgment herein, and the defendants are restrained and enjoined from performing any of the acts set forth and mentioned in said temporary restraining order until entry of final judgment herein, or until the said temporary restraining order shall have been dissolved."

On December 29, 1916, the court rendered its final judgment as follows:

"The plaintiff's prayer for a permanent injunction against the defendants be and the same is hereby denied, the temporary restraining order heretofore issued is dissolved, and the plaintiff's action is dismissed with prejudice."

From this judgment, appellant has perfected his appeal to this court. Immediately upon perfecting his appeal, he applied to the judge of the superior court for an order fixing the amount of a supersedeas bond which he might give, to the end that the judgment be superseded in so far as it dissolved the restraining order, and that that order be kept in force as a temporary injunction pending the appeal in this court. The superior court being of the opinion that the restraining order is not such an order as may be kept in force pending appeal, denied the application to fix the amount of a supersedeas bond, and thereupon this application was made in this court. Since the rendering of the judgment in the superior court and the perfecting of the appeal therefrom, some of the original defendants and respondents, county officers, have been succeeded in office by others elected at the general election held in November, 1916. The members of the new board of county commissioners so formed, now respondents, have, by their attorneys, filed in this court their consent that the judgment of the superior court be superseded, as prayed for by appellant, pending the determination of the cause upon appeal in this court. The bonds in question have not yet been executed in form, though they have been prepared and apparently need only the attesting signature of the county auditor and the impression of his seal of office thereon to render them complete in form as negotiable bonds evidencing indebtedness of Benton county.

Counsel for appellant insist that the restraining order became in effect a temporary injunction such as to entitle him to have it remain in force as a matter of right upon giving a supersedeas bond, in view of the fact that it was,

by express order of the superior court, continued in force after hearing the case upon the merits pending a final decision in the superior court. That a temporary injunction issued upon notice and hearing may be so kept in force by superseding the final judgment upon appeal, in so far as the judgment dissolves such temporary injunction, is rendered plain by the provisions of Rem. Code, § 1723. It would also seem that a temporary restraining order may in form be continued in force by the superior court under such circumstances as to become in effect a temporary injunction and thereby be rendered capable of being kept in force as such by a supersedeas bond, as provided by Rem. Code, § 1723. Such, in substance, was the view expressed by this court in *State ex rel. Ferguson v. Grady,* 71 Wash. 1, 127 Pac. 305. However, being of the opinion that appellant is entitled to a stay of the effect of the judgment here appealed from, in so far as it dissolves the temporary restraining order, and it being the settled law of this state that this court may in its discretion so act in aid of its appellate jurisdiction, we need not bother ourselves with the question of appellant's strict legal right under the statute to have the superior court fix the amount of a supersedeas bond to be given by him to the end that he may thereby have such stay as a matter of right without application to this court. Const., art. 4, § 4. *Campbell Lumber Co. v. Deep River Logging Co.,* 68 Wash. 431, 123 Pac. 596.

We think that little need be said, in view of the facts we have above noticed, to show that, in the exercise of its sound discretion, this court should now make such order as will effectually restrain respondents from proceeding further in the signing, sealing, execution, issuance or negotiation of the bonds in question pending the disposition of this case upon appeal. No material hardship can come to respondents by such a supersedeas, while great and irreparable injury might result to appellant for want of such a supersedeas, in view of the fact that the bonds proposed to be issued are

negotiable in form and apparently will carry upon their face such evidence of their negotiability, regularity, and power of the county officers to issue them as to render it highly probable that they would become absolute binding obligations evidencing a debt of Benton county, if they should fall into the hands of innocent holders. This, together with the fact that the county commissioners, the present respondents, have, by their counsel, consented that such a supersedeas may be had, we think is sufficient to warrant us in granting supersedeas in aid of our appellate jurisdiction in the case. It seems almost inconceivable that the other respondents can be injured thereby.

Upon the application being made to this court, we caused to be issued a temporary writ of supersedeas and stay of proceedings, to remain in force pending a further hearing when all parties could be heard. Appellant executed with a surety a bond in compliance with the court's order as a condition precedent to the issuance of the writ. This bond we think is sufficient to protect respondents from all possible damage which can result to them by reason of the continuance of that writ in force until the final disposition of the cause in this court.

It is therefore ordered that the writ of supersedeas so issued out of this court be continued in full force and effect until the final disposition of the cause in this court, and that all of the respondents, including those who have become defendants and respondents as successors in office of the original defendants and respondents, be and they are hereby directed to refrain from proceeding further with the signing, sealing, issuing, negotiation or sale of the bonds of Benton county in question until the final disposition of the cause upon appeal in this court, or until the further order of this court.

ELLIS, C. J., MOUNT, FULLERTON, and HOLCOMB, JJ., concur.