[No. 24572.   Department Two.   June 26, 1933.]

CHARLES F. ROGERS et al., Appellants, v. ED P. KENDALL et al., Respondents.[1]

Fred M. Bond and Sidney J. Graham, for appellants.
John I. O'Phelan, for respondents.

MAIN, J.—This is an original application for a writ of mandamus, directed to a judge of the superior court, to fix a supersedeas bond for the purpose of continuing in force, pending an appeal, a restraining order issued without notice, which, it is claimed, became a temporary injunction.

November 9, 1932, the appellants, as plaintiffs, brought an action in the superior court for Pacific county to enjoin the defendants from proceeding with the formation of a public utility district in that county under chapter 1 of the Laws of 1931 (Rem. Rev. Stat.,

[1]Reported in 23 P. (2d) 862.

§ 11605 *et seq.*), and to enjoin them from canvassing the result of an election held for that purpose. At the time the action was instituted, without notice, a temporary restraining order was issued, which was accompanied by an order to show cause. In response to the order to show cause, a hearing was had upon the issues made by the temporary restraining order, and the court continued such order in effect. The return of the trial judge shows "that on the 10th day of April, 1933, the said case came on for trial, the temporary restraining order being still in force." As the result of the trial on the merits, the trial court declined to issue a permanent injunction.

From the judgment entered, the plaintiffs promptly gave notice of appeal, filed a cost bond, and requested the court to fix the amount of the supersedeas bond, which the court declined to do. This application, as above indicated, is for the purpose of obtaining a writ directed to the court requiring that such a bond be fixed.

Whether the trial court was in error in refusing to fix the supersedeas bond depends upon whether the temporary restraining order issued without notice had, by reason of the fact that it was continued in force until the trial of the action on the merits, become a temporary injunction. The terms "temporary restraining order" and "temporary injunction," while sometimes used synonymously, are not so, as they do not mean the same thing. A temporary restraining order is ordinarily issued without notice, and remains in effect until the issues presented by that order are disposed of, when it ceases to have any effect without an order of the court discharging it. A temporary injunction is an order which is effective until the trial of the action on the merits in which it was issued. When

the issues presented by the temporary restraining order are disposed of, if by agreement of the parties or the order of the court such temporary restraining order is continued in effect until a hearing on the merits, it becomes a temporary injunction.

In 14 R. C. L., p. 306, it is said:

"The terms 'temporary injunction' and 'restraining order,' while often used synonymously, may, therefore, be properly distinguished, a restraining order being effective only until an application for an injunction shall be heard; while a temporary injunction is a restraining order effective until the trial of the action in which it is issued. An order, however, restraining and enjoining a defendant until the final determination of an action is to be deemed a temporary injunction rather than a mere restraining order."

In *State ex rel. Ferguson v. Grady,* 71 Wash. 1, 127 Pac. 305, it was said:

"If it be true that the defendants, after appearing in response to the order to show cause, consented that the restraining order should stand as a temporary injunction pending the final determination of the cause, it is clear that it became so in fact, and it can be kept in force pending an appeal from the final judgment as a matter of right in virtue of the section of the statute above quoted. [Rem. Rev. Stat., § 1723.] But on the other hand, if it be true that the restraining order was continued in force until a more convenient season for trying the issues suggested by the order to show cause, and was not in fact kept in force as a temporary injunction, then it is equally clear that it does not remain in force pending an appeal, but lapses the moment the court refuses to grant an injunction."

In the case now before us, as above stated, when the issues presented by the temporary restraining order were disposed of, the trial court continued that order in effect, and it was "still in force" when the action came on for trial on the merits some months later.

Under the rule stated in the authorities cited, the temporary restraining order, by reason of the fact that it was continued in effect by order of the court until a hearing on the merits, became a temporary injunction.

The next question that arises is whether, the temporary restraining order having become a temporary injunction, the plaintiffs, as a matter of right, were entitled to keep it in force and effect pending an appeal.

Rem. Rev. Stat., § 1723, provides that in all cases where a final judgment shall be rendered by the superior court of this state in a cause wherein

" . . . a temporary injunction has been granted, and the party at whose instance such injunction was granted shall appeal from such judgment, such injunction shall remain in force during the pendency of such appeal, if, within five days after service on him of notice of the entry of the final judgment, such appellant shall file with the clerk of the superior court a bond, with one or more sufficient sureties, in a penalty to be fixed by said court,"

conditioned as therein provided. Under this statute, if the party at whose instance the temporary injunction was issued shall appeal, he has a right to have such temporary injunction remain in force pending the appeal if a proper bond is given, the penalty of which is to be fixed by the trial court. *State ex rel. Burrows v. Superior Court,* 43 Wash. 225, 86 Pac. 632; *State ex rel. Ferguson v. Grady, supra; Bier v. Clements,* 95 Wash. 505, 164 Pac. 82.

The appellants in this case being entitled to have the temporary injunction continued in force, as a matter of right, under the statute and the decisions of this court, the trial court was in error in refusing to fix the amount of the supersedeas bond. Cases which discuss and decide the question as to whether a supersedeas bond will be required when the matter is one of dis-

cretion and not of right, are not applicable to the present situation. The appellants being entitled to the supersedeas as a matter of right, there is no element of discretion involved.

The writ will issue.

BEALS, C. J., TOLMAN, STEINERT, and BLAKE, JJ., concur.