[No. 29988. *En Banc.* August 12, 1946.]

H. F. SWENSON, *Appellant*, v. SEATTLE CENTRAL LABOR COUNCIL *et al.*, *Respondents.*[1]

*Grosscup, Ambler & Stephan*, for relator.

*L. Presley Gill* and *Bassett & Geisness*, for respondents.

MALLERY, J.—This is an original application for a writ of mandamus, directed to a judge of the superior court, to fix a supersedeas bond for the purpose of continuing in force, pending an appeal, a restraining order issued without notice, which, it is claimed, became a temporary injunction.

The appellant, without notice, secured a temporary restraining order and order to show cause on April 17, 1946, why a temporary injunction should not issue restraining

[1]Reported in 171 P. (2d) 699.

respondents from picketing appellant's place of business pending a trial to secure the issuance of a permanent injunction.

On April 12, 1946, the respondents appeared specially and moved to quash the proceedings. The matter was continued to April 19, 1946, at which time the motion was denied and a demurrer interposed by respondents was overruled.

On April 23, 1946, the court, without hearing any testimony, entered an order with the heading "temporary injunction," which continued in effect the temporary restraining order pending the trial of the cause on the merits, and set May 1st as the date of the trial. To this order the respondents were allowed an exception. It is this order which is the subject of the instant cause.

After the trial on the merits, the court entered a decree on May 17, 1946, dissolving the restraining order and temporary injunction and dismissing the action. The appellant thereupon appealed and moved the court to fix the amount of a supersedeas bond. The court did not find that the respondents were insolvent and stated that "The court is unable to make such a finding at this time." Upon the court's refusal to fix a supersedeas bond, the present action was instituted to require it to do so.

There is no question here about the appellant's right to appeal from the decree dismissing his action for a permanent injunction, and that appeal and its record is not before us. There is involved only his right to appeal from the dissolution of the restraining order and temporary injunction and his right to keep them in effect by posting a supersedeas pending the appeal on the merits.

Rem. Rev. Stat. (Sup.), § 7612-4, provides in part:

"No court of the State of Washington shall have jurisdiction to issue any restraining order or temporary or permanent injunction in any case involving or growing out of any labor dispute or prohibit any person or persons participating or interested in such dispute (as these terms are herein defined) from doing, whether singly or in concert, any of the following acts: . . .

"(e) Giving publicity to the existence of, or the facts involved in, any labor dispute, whether by advertising, speak-

ing, patrolling, or by any other method not involving fraud or violence."

Rem. Rev. Stat. (Sup.), § 7612-7, provides in part:

"No court of the State of Washington or any judge or judges thereof shall have jurisdiction to issue a temporary or permanent injunction in any case involving or growing out of a labor dispute, as herein defined, except after hearing the testimony of witnesses in open court (with opportunity for cross-examination) in support of the allegations of a complaint made under oath, and testimony in opposition thereto, if offered, and except after findings of fact by the court, to the effect—"

Rem. Rev. Stat. (Sup.), § 7612-9, provides:

"No restraining order or temporary or permanent injunction shall be granted in a case involving or growing out of a labor dispute, except on the basis of findings of fact made and filed by the court in the record of the case prior to the issuance of such restraining order or injunction; and every restraining order or injunction granted in a case involving or growing out of a labor dispute, shall include only a prohibition of such specific act or acts as may be expressly complained of in the complaint or petition filed in such case and as shall be expressly included in said findings of fact made and filed by the court as provided herein."

No testimony was ever taken by either party or findings of fact made by the court at any of the hearings prior to the final trial on the merits for a permanent injunction.

On the question of the existence of a labor dispute, the record before us reveals that the appellant denies its existence in his complaint, the respondents allege its existence in their answer, and the court, in its findings of fact and conclusions of law, held with the respondents that a labor dispute did exist. Whatever this court may hold as to the existence of a labor dispute on the appeal, at this time, on the question of continuing the temporary injunction pending the appeal, we are bound by the court's findings, because the record is not before us upon which we could base a contrary holding.

That being the case, the so called "temporary injunction" was not regularly issued and cannot be continued in force by supersedeas.

 The appellant invokes Rem. Rev. Stat., § 1723 [P.P.C. § 5-25], which provides in part as follows:

"In all cases where a final judgment shall be rendered by any superior court of this state in a cause wherein a temporary injunction has been granted, and the party at whose instance such injunction was granted shall appeal from such judgment, such injunction shall remain in force during the pendency of such appeal, if, . . . such appellant shall file with the clerk . . . a bond, . . . in a penalty to be fixed by said court, conditioned that the appellant shall pay . . . all costs and damages . . . that may accrue . . . by reason of the injunction remaining in force."

The appellant contends that, in *Rogers v. Kendall,* 173 Wash. 390, 23 P. (2d) 862, the court held that this section granted the absolute right to keep a temporary injunction in effect during appeal when a permanent injunction was denied after a trial on the merits, and that mandamus would lie from this court to the trial court to fix the amount of the bond.

The decision in *Rogers v. Kendall, supra,* was handed down in 1933, prior to the passage of the statutes cited earlier in this opinion. However, the rule of that case is of no avail to appellant here. In that case, the court pointed out the difference between a restraining order and a temporary injunction.

Generally speaking, a restraining order is issued without notice. A temporary injunction is issued after notice and after a hearing. When a labor dispute exists, it is issued only after findings of fact are made by the court. As was said in *Rogers v. Kendall, supra:*

"A temporary restraining order is ordinarily issued without notice, and remains in effect until the issues presented by that order are disposed of, when it ceases to have any effect without an order of the court discharging it. A temporary injunction is an order which is effective until the trial of the action on the merits in which it was issued. When

the issues presented by the temporary restraining order are disposed of, if by agreement of the parties or the order of the court such temporary restraining order is continued in effect until a hearing on the merits, it becomes a temporary injunction."

The heading of the court order is not determinative of its character. As was said in that case:

"The terms 'temporary restraining order' and 'temporary injunction,' while sometimes used synonymously, are not so, as they do not mean the same thing."

Indeed, the court held the order designated "restraining order" to be a "temporary injunction" upon the basis that:

"In response to the order to show cause, a hearing was had upon the issues made by the temporary restraining order, and the court continued such order in effect."

The court saying further:

"Under the rule stated in the authorities cited, the temporary restraining order, by reason of the fact that it was continued in effect by order of the court until a hearing on the merits, became a temporary injunction."

In the instant case, the order designated "temporary injunction" is, in fact, a restraining order, because no hearing was had at which testimony was taken and upon which the court made a finding of fact.

This being so, Rem. Rev. Stat., § 1723, is not applicable.

The action of the trial court in refusing to fix a supersedeas bond to keep the restraining order in effect pending appeal is affirmed.

MILLARD, BLAKE, and CONNELLY, JJ., concur.

BEALS, C. J. (concurring in the result)—I concur in the result upon the ground that the so-called temporary injunction was no more than a temporary restraining order.

STEINERT, J. (concurring in the result)—I can concur in the result of the majority opinion, on the ground that, under the facts presented by the record before us, the order denominated a "temporary injunction," was *in fact and in law* simply a temporary *restraining order*, not actually a *tem-*

*porary injunction,* although even that conclusion is attended with some doubt.

If, however, that interpretation of the nature of the court's order be accepted as a premise from which to start, then it logically follows that Rem. Rev. Stat., § 1723, upon which the relator herein relies, has no application to this case, because that section makes provision only for keeping a temporary *injunction* in force during the pendency of an appeal from the final judgment; it does not purport to keep in force a temporary *restraining order.*

The distinction between the two types of judicial interdict is that a temporary restraining order is usually issued without notice, as was the case in the present instance, and it remains in effect only until the issues presented by that order are disposed of, whereupon it ceases to have any effect, even though no order discharging it is thereafter entered; whereas, a temporary injunction is an order which remains effective from the time of its issuance until the trial of the action on its merits. *Rogers v. Kendall,* 173 Wash. 390, 23 P. (2d) 862. Where both of such orders have been made in the same case, the temporary injunction usually comes into being at the point where the temporary restraining order ceases to exist, and, in all events, entirely displaces the original order.

In the case at bar, under the interpretation which fairly may be placed upon the procedure followed by the trial court, the temporary restraining order was merely continued in force *as such* but was not converted, nor intended to be converted, into a formal temporary injunction. Under that view of the matter as determined by the trial court, I can at least concur in the result of the majority opinion.

Beyond that point of concurrence, however, I do not join in the opinion of the majority, particularly with respect to that portion of it which holds, or appears to indicate, that the court had no power, in any event, to issue a temporary injunction in this case because of the inhibition of the "labor disputes act," chapter 7, Laws of 1933, Ex. Ses., pp. 10-18, §§ 1 to 15 (Rem. Rev. Stat. (Sup.), §§ 7612-1 to 7612-15).

Upon that subject, I am of the decided view that a legislature cannot abolish or abridge the inherent power of a constitutional court to issue restraining orders and injunctions when, in the exercise of a sound judicial discretion, upon the particular facts presented to it, the court finds it necessary to employ the "strong arm of equity" in order to preserve and keep things *in statu quo* until otherwise ordered, and to restrain an act which, if done, would be contrary to equity and good conscience, or would result in incalculable and unjustifiable harm to others. *Blanchard v. Golden Age Brewing Co.*, 188 Wash. 396, 63 P. (2d) 397.

Furthermore, I am of the opinion that the court has such power, regardless of whether the persons sought to be enjoined are members of a labor union or of any other organization, or are merely members of the general public.

For the reasons given, I concur only in the result of the majority opinion.

SIMPSON, JEFFERS, and ROBINSON, JJ., concur with STEINERT, J.