[No. 31750.   Department One.   August 16, 1951.]

ALBERT J. DAVIS, *Plaintiff and Relator,* and JOSEPH WICK-
LUND, *Intervening Plaintiff and Relator,* v. JAMES A.
GIBBS, DEAN C. McLEAN, and WILLIAM SEARS, *Con-
stituting the Board of King County Commissioners,
Defendants,* JAMES A. GIBBS, *Chairman of the Board
of County Commissioners,* CHARLES O. CARROLL, *Pros-
ecuting Attorney,* and ROBERT A. MORRIS, *County
Auditor, as the County Canvassing Board of Election
Returns, Additional Defendants,* and ERVIN E. OADES,
*Intervening Defendant.*[1]

[1]Reported in 234 P. (2d) 1071.

*Hile, Hoof & Shucklin* and *J. Edmund Quigley*, for relators.

*Harroun & Shidler* (*Robert W. Moody*, of counsel), *Charles O. Carroll*, and *Kenneth G. Smiles*, for defendants.

*John A. Homer, amicus curiae.*

HILL, J.—This proceeding is an application by Albert J. Davis and Joseph Wicklund, as relators, for a writ of mandate directed to the Honorable Harold A. Seering, one of the judges of the superior court for King county, requiring him to fix the amount of the bond required by Rule on Ap-

peal 24, 34A Wn. (2d) 27, to keep a temporary injunction in effect during the pendency of an appeal.

The title of this case is the same as in the court below, in accordance with Rule on Appeal 58, 34A Wn. (2d) 63. The idea behind the rule is that, although a judge of the superior court may be the nominal respondent in an application for a writ of this character, the party or parties to the litigation who seek to uphold the position taken by that judge make the showing, write the briefs, and present the arguments as to why the writ should not issue. In the instant proceeding, the parties actually contending before this court are the plaintiff and intervening plaintiff, who seek the writ, and the defendants, additional defendants, and intervening defendant, who resist its issuance.

In the superior court, the relators challenged the validity of an election held January 9, 1951, which purportedly approved the admission of an area of approximately seventeen square miles to the city of Seattle. An order captioned "Temporary Injunction and Restraining Order and Order to Show Cause" was entered January 27, 1951, by the Honorable H. C. Agnew, acting presiding judge of the King county superior court. The defendants and additional defendants were, among other things, therein "enjoined and restrained from taking any further steps with respect to the canvassing or certification of the vote held on January 9, 1951." It was provided therein that "this temporary injunction and restraining order [is] to remain in full force and effect until further order of this Court." And it was

". . . FURTHER ORDERED that the defendants and additional defendants and other interveners appear and show causes if any they have, why this temporary injunction and restraining order should not be continued in full force and effect as above ordered, said appearance to be on the 19th day of February, 1951."

Judge Agnew then set February 19, 1951, as the date for the trial of the cause on the merits. The trial began on that date before the Honorable Harold A. Seering, one of the judges of the superior court for King county, and after its conclusion he made findings of fact, drew conclusions of law,

and entered an order of dismissal, March 21, 1951. The relators have appealed.

It is the relators' desire that the order of January 27th remain in effect during the pendency of the appeal. They rely on Rule on Appeal 24, which reads as follows:

"In all cases where a final judgment shall be rendered by any superior court of this state *in a cause wherein a temporary injunction has been granted,* and the party at whose instance such injunction was granted shall appeal from such judgment, such injunction shall remain in force during the pendency of such appeal, if, within five days after service on him of notice of the entry of the final judgment, such appellant shall file with the clerk of the superior court a bond, with one or more sufficient sureties, in a penalty to be fixed by the court. . . ." (Italics ours.)

We have held, construing Rem. Rev. Stat., § 1723 [P.P.C. § 5-25] (formerly Rem. & Bal., § 1723), which is identical to Rule on Appeal 24, that

" . . . if the party at whose instance the temporary injunction was issued shall appeal, he has a right to have such temporary injunction remain in force pending the appeal if a proper bond is given, the penalty of which is to be fixed by the trial court. *State ex rel. Burrows v. Superior Court,* 43 Wash. 225, 86 Pac. 632; *State ex rel. Ferguson v. Grady, supra* [71 Wash. 1, 127 Pac. 305]; *Bier v. Clements,* 95 Wash. 505, 164 Pac. 82." *Rogers v. Kendall,* 173 Wash. 390, 393, 23 P. (2d) 862.

The parties are agreed that the only question involved is whether the order of January 27th was a restraining order or a temporary injunction at the time the order of dismissal appealed from was entered. No question was raised in the briefs submitted (although suggested on oral argument by counsel representing the city of Seattle, appearing as *amicus curiae*) as to whether there was any showing of injury, irreparable or otherwise, that warranted a temporary injunction. It is expressly conceded in the briefs submitted that, if the order was a temporary injunction, then the relators, as a matter of right under Rule on Appeal 24, are entitled to have it continued in effect pending appeal, and a writ of mandate requiring the trial court to fix the amount of the

bond should issue; on the other hand, if it was a mere restraining order, then there is no right to have it continued pending appeal, and the writ should be denied.

Despite the oft-repeated and clear distinction between a restraining order and a temporary injunction, the terms have been used as substantially synonymous throughout the lifetime of the present members of the bench and bar. See *State ex rel. Miller v. Lichtenberg,* 4 Wash. 407, 30 Pac. 716, decided in 1892. Efforts to distinguish the terms and to point up their proper use have been undertaken from time to time (*State ex rel. Ferguson v. Grady,* 71 Wash. 1, 127 Pac. 305; *Rogers v. Kendall, supra; State ex rel. Seattle Milk Shippers' Ass'n v. Superior Court,* 130 Wash. 668, 228 Pac. 847; *State ex rel. Pay Less Drug Stores v. Sutton,* 2 Wn. (2d) 523, 98 P. (2d) 680) but without appreciable results, as we still continue to restrain and enjoin in the same order.

Fortunately, in most instances the results desired from the orders entered are achieved and the phraseology employed is of little consequence. However, in the event of an appeal to this court, as illustrated by the present case, whether an order is a restraining order or a temporary injunction can become a matter of great importance, and when the order both restrains and enjoins, as in the present case, the issue becomes, Which is it? It is then that we might wish for more exactitude of expression in the preparation of the order entered.

Rem. Rev. Stat., § 722 [P.P.C. § 59-9], which is pertinent to our discussion, reads as follows:

"No injunction shall be granted until it shall appear to the court or judge granting it that some one or more of the opposite party concerned has had reasonable notice of the time and place of making application, except that in cases of emergency, to be shown in the complaint, the court may grant a restraining order until notice can be given and hearing had thereon." (The "reasonable notice" is specified in Superior Court Rule 18.)

In *State ex rel. Pay Less Drug Stores v. Sutton, supra,* we quoted with approval the definition of a restraining order as it appears in Black's Law Dictionary (3d ed.)

1299, in which a distinction is emphasized that is recognized in Rem. Rev. Stat., § 722:

"An order which may issue upon the filing of an application for an injunction forbidding the defendant to do the threatened act until a hearing on the application can be had. Though the term is sometimes used as a synonym of 'injunction,' a restraining order is properly distinguishable from an injunction, in that the former is intended only as a restraint upon the defendant until the propriety of granting an injunction, temporary or perpetual, can be determined, and it does no more than restrain the proceedings until such determination."

To further point out the distinction between a restraining order and a temporary injunction, we said, in the *Pay Less Drug Stores* case:

"In Lewis & Spelling, The Law of Injunctions, 30, § 18, is found the following:

" 'A restraining order is generally granted without notice to the opposite party, and is intended only as a restraint on him until the propriety of granting a temporary injunction can be determined, and it goes no further than to preserve the status until that determination.' . . .

"In *Rogers v. Kendall,* 173 Wash. 390, 23 P. (2d) 862, this court used the following language:

" 'The terms "temporary restraining order" and "temporary injunction," while sometimes used synonymously, are not so, as they do not mean the same thing. A temporary restraining order is ordinarily issued without notice, and remains in effect until the issues presented by that order are disposed of, when it ceases to have any effect without an order of the court discharging it. A temporary injunction is an order which is effective until the trial of the action on the merits in which it was issued. . . .' "

It is urged that all doubt as to whether the order of January 27th was a temporary injunction or a restraining order is removed by the certificate of Judge Agnew, who entered the order. His certificate, in part, is as follows:

"That the order entitled 'Temporary Injunction and Restraining Order and Order to Show Cause', dated January 27, 1951, in Cause No. 428990, was entered by me after hearing argument of all counsel concerned and informally inquiring of Robert A. Morris, King County Auditor, whether

he objected to the entry of said order, and that no testimony under oath nor any documentary evidence was received or considered by me;

*"That said order was not intended to be and is not a temporary injunction, but was rather intended to be and is a temporary restraining order.*

"That immediately after entry of said order, I set February 19, 1951, as the trial date of the case." (Italics ours.)

██ While we accept this certificate as conclusive as to what occurred January 27th, when the parties were before Judge Agnew, *i.e.*, as to the facts that the arguments of all counsel concerned were heard and that no testimony under oath nor any documentary evidence was received, we cannot accept his statement of intent as having any effect. *Hightower v. Bennight,* 53 Tex. Civ. App. 120, 115 S. W. 875; *Brooks v. Miami Bank & Trust Co.,* 116 Fla. 589, 156 So. 757; 1 Freeman on Judgments (5th ed.) 132, § 76.

██ It is urged that, since no sworn testimony was taken and no documentary evidence received, there was no hearing before the entry of the order of January 27th, and, consequently, that order could not have been a temporary injunction. It appears that the arguments of all counsel concerned were heard, and there is nothing to indicate that the court was not willing to receive any evidence that either side had to offer. The parties do not necessarily have to present any evidence at a hearing; it is sufficient if they have an opportunity to do so. *State ex rel. Hughes v. Milhollan,* 50 N. D. 184, 195 N. W. 292.

██ If it be conceded that there was a hearing before Judge Agnew January 27th, the important question is, What was the purpose of that hearing? Was it to determine whether a restraining order should be entered, or whether there should be a temporary injunction? All of the circumstances and the form of the order convince us that it was the former.

██ We will elaborate on the reasoning by which we arrive at that conclusion. It is true that restraining orders usually are granted without a hearing and *ex parte.* Actually, however, the superior court judges may and frequently

do refuse to issue even restraining orders without notice to the adverse parties, particularly when the adverse party has appeared in the proceeding. That is almost always the procedure when there is a serious doubt as to the necessity for or the desirability of the issuance of such an order on the showing made by the party applying for that extraordinary relief.

Relator Wicklund went into court on the afternoon of January 26th making an *ex parte* request for a restraining order and an order to show cause why that order should not be continued in force and effect during the pendency of the action and until the trial of the cause. The presiding judge refused to grant such an order without notice to opposing counsel (an earlier restraining order secured by relator Davis having been dissolved that morning) and put the matter of the issuance of the restraining order over to the following morning at ten o'clock, with instructions to one of relator Wicklund's attorneys to notify all counsel interested in the case; and counsel representing the defendants were advised by telephone that the matter would be heard the next morning. This clearly was not the notice required by Superior Court Rule 18 for a hearing on the issuance of an injunction.

The matter came on for hearing before Judge Agnew. Because opposing counsel were present and because there was what may be regarded as a hearing, relators now insist that, by some legal alchemy, the request for a restraining order made the afternoon of January 26th became a request for a temporary injunction on the morning of January 27th. The argument is that, since temporary injunctions are granted only after hearings, and since there was a hearing, the order entered must have been a temporary injunction. This is an obvious *non sequitur*. A restraining order was requested; instead of being granted *ex parte* January 26th, it was granted after notice to opposing counsel, with the opportunity to be heard thereon, January 27th, but it was still a restraining order.

That it was a restraining order and not a temporary injunction is further indicated by the fact that it contained

an order to show cause on February 19th as to why the "temporary injunction and restraining order" should not be continued in effect.

■ Relators, relying on *Rogers v. Kendall, supra,* urge that even if it was only a restraining order on January 27th, it became a temporary injunction because it was permitted to remain in effect until the trial court entered its judgment on the merits, and that it was therefore, in effect, an injunction *pendente lite.* This is likewise a *non sequitur.* Judge Agnew merely followed the procedure outlined and approved in *State ex rel. Ferguson v. Grady, supra,* of making the order to show cause on the issuance of a temporary injunction returnable on the date that was set for the trial on the merits. This procedure is to be commended if the trial on the merits is close at hand, as it obviates trying some of the same issues twice within a very limited period of time.

In *State ex rel. Ferguson v. Grady, supra,* we said:

"It is the appellants' contention that the restraining order, inasmuch as it was kept in force pending a further hearing of the cause after the day fixed for the hearing on the order to show cause why a temporary injunction should not issue, became in effect a temporary injunction, and entitled the relators as a matter of right to keep it in force pending an appeal taken by them from the final judgment entered in the cause. Whether this contention is sound or not must depend, it seems to us, upon which version of the proceedings as above recited this court shall deem to be correct. If it be true that the defendants, after appearing in response to the order to show cause, consented that the restraining order should stand as a temporary injunction pending the final determination of the cause, it is clear that it became so in fact, and it can be kept in force pending an appeal from the final judgment as a matter of right in virtue of the section of the statute above quoted [Rem. & Bal., § 1723, now Rem. Rev. Stat., § 1723 and Rule on Appeal 24]. But on the other hand, *if it be true that the restraining order was continued in force until a more convenient season for trying the issues suggested by the order to show cause, and was not in fact kept in force as a temporary injunction, then it is equally clear that it does not remain in force pend-*

*ing an appeal, but lapses the moment the court refuses to grant an injunction."* (Italics ours.)

The trial judge, in his return to the application for a writ of mandate in the *Ferguson* case, showed as follows:

" ' . . . Thereupon . . . counsel for defendants, briefly reviewed the allegations of the pleadings, and suggested to the court that the hearing upon the order to show cause why a temporary injunction pending the final disposition of the case should or should not issue, would probably involve trying all the issues in the case at that hearing in advance of the final trial, and that the effect would be to have two full trials of the same issues; that the defendants were ready to go ahead and then and there try the question of whether a temporary injunction should issue in the case or not, pending the final hearing, but were willing that the whole question should be tried at a later date if the court and counsel for plaintiffs were willing. The counsel for plaintiffs and defendants, in open court before me, then agreed that no hearing should be had upon the show cause order already issued, that day; that the original restraining order entered without notice and then outstanding, should remain in *statu quo* and the hearing on said show cause order should be continued until September 4th, 1912, at ten o'clock a.m., when the question would be tried out as to whether any injunction of any kind or at all should issue in the case."

That case was tried on the merits September 4, 1912, and the trial judge decided that no injunction should issue. He refused to fix the amount of supersedeas bond on request of the relator because no temporary injunction had ever issued in the action. We there accepted the version of the trial court and held, in effect, that, where it was the intention so to do, the hearing on the issuance of a temporary injunction might be coincident with the hearing on the merits, and in that event the fact that a restraining order had remained in effect through the hearing on the merits and until the trial court refused to issue any injunction did not make it a temporary injunction within the purview of Rem. & Bal., § 1723 (now Rule on Appeal 24).

In the present case, we have no express agreement by both sides (as there was in *State ex rel. Ferguson v. Grady,*

*supra*) that the hearing on the show cause order for a temporary injunction should be continued to the trial on the merits, but there can be no doubt that the situations were parallel, and that Judge Agnew had the authority to do and did just what the trial judge did in the earlier case.

To summarize, we are persuaded by all the circumstances that the order of January 27th was, in its inception and effect, a restraining order with an order to show cause why a temporary injunction should not issue, and that, particularly in the absence of any protest from the relators, Judge Agnew was justified, since the trial on the merits could be had within a very short time, in avoiding two trials by making the return date on the order to show cause for a temporary injunction coincident with the date of the trial on the merits. Our ultimate conclusion is that there was no temporary injunction in effect in this case, and that, therefore, Rule on Appeal 24 has no application. The writ of mandate will be denied.

SCHWELLENBACH, C. J., BEALS, HAMLEY, and FINLEY, JJ., concur.