[No. 254-2. Division Two. March 5, 1971.]

GLEN H. McLEAN *et al., Appellants,* v. SIDNEY SMITH *et al., Respondents.*

*Robert M. Reynolds*, for appellants.

*Slade Gorton, Attorney General*, and *Walter E. White, Assistant*, for respondents.

ARMSTRONG, J.—The plaintiffs appeal from a trial court judgment granting defendant's motion for summary judgment dismissing the plaintiff's amended complaint.

The plaintiffs, who are recipients of public assistance, filed a class action against the defendants, the Washington State Department of Public Assistance and its director. The plaintiffs had been advised on December 1, 1969, that there would be a change in policy which would reduce the amount of their assistance grants. In the original complaint they sought to restrain the adoption of purported amendments to existing regulations until the amended regulations had complied with the terms of the Administrative Procedures Act. At the time of filing the original complaint, the plaintiffs had no knowledge that any emergency regulations had been filed with the Code Reviser as required by law. The prayer of the original complaint, filed on December 4, 1969, did not attack the emergency regulations filed on December 3 and 5, 1969.

On the date of filing the original complaint, the plaintiffs filed and presented to the superior court a motion for a temporary restraining order seeking to restrain the defendants from putting into effect any amendments to existing regulations until statutory requirements had been complied with. Pursuant to this petition the court signed an order to show cause directing defendants to appear and show cause on December 8, 1969, why they should not be restrained from putting into effect any change in the existing policies "during the pendency of this action." The show cause order was directed only to the validity of purported or planned regulations putting into effect the changes in policy referred to in the December 1, 1969 notices to the recipients of public assistance.

The show cause hearing was held on December 8, 1969, before Judge Frank E. Baker. No answer or responsive pleading was filed by defendants. At the show cause hearing, defendants placed into evidence emergency regulations which had been promulgated by the defendant Department of Public Assistance by filing them with the Code Reviser pursuant to RCW 34.04.030.[1] The emergency regulations for general assistance were filed on December 3, 1969, and the emergency regulations for medical assistance were filed on December 5, 1969. Emergency rules adopted under RCW 34.04.030 are effective upon filing with the Code Reviser. RCW 34.04.040.

We do not have a transcript of what transpired at the show cause hearing, but we do have a portion of the judge's oral decision. In that decision he found that as between December 1 and 3, 1969, as to general assistance, and as between December 1 and 5, 1969, as to medical assistance, there had been no valid change in the department regulations. The following colloquy then occurred:

> Mr. Reynolds: For clarification, I understand that this Court is not restraining these regulations [emergency regulations] that go into effect on the 3rd and 5th, is that right?
>
> The Court: That is correct. Court is adjourned.

On the following day—December 9, 1969—the plaintiffs filed an amended complaint which was substantially the same as the original complaint except that it challenged

---

[1] RCW 34.04.030 provides:

"If the agency finds that immediate adoption or amendment of a rule is necessary for the preservation of the public health, safety, or general welfare, and that observance of the requirements of notice and opportunity to present views on the proposed action would be contrary to the public interest, the agency may dispense with such requirements and adopt the rule or amendment as an emergency rule or amendment. The agency's finding and a brief statement of the reasons for its finding shall be incorporated in the emergency rule or amendment as filed with the office of the code reviser under RCW 34.04.040. An emergency rule or amendment shall not remain in effect for longer than ninety days. This section does not relieve any agency from compliance with any law requiring that its rules be approved by designated persons or bodies before they become effective."

the validity of the emergency regulations filed on December 3 and December 5, 1969, on the ground that no emergency in fact existed. The original complaint also contained a statement that no emergency existed but did not specifically attack emergency regulations, which to the knowledge of the plaintiffs had not yet been filed. The emergency regulations stated the emergency to be: "[S]ince Department expenditures, if continued at the present rate, will exceed the appropriation for public assistance made by the Legislature for the 1969-1971 biennium, . . ."

The written order of the court on the show cause hearing of December 8, 1969, found that the proposed amendments which were to go into effect on December 1, 1969 were invalid, and that the emergency regulations filed with the Code Reviser on December 3 and 5, 1969, were valid, effective and enforceable regulations. The court then enjoined the effectiveness and enforcement of any regulations until the filing of the December 3 and 5, 1969 emergency regulations, and denied the motion to enjoin the effectiveness and enforcement of the emergency regulations after the filing on December 3 and 5, 1969.

On December 30, 1969, the defendants filed a motion for summary judgment seeking to dismiss the amended complaint on the ground that all the issues involved had been resolved and the action was res judicata by the written order of the court on December 15, 1969. The defendants relied upon Judge Baker's determination that the emergency regulations filed on December 3 and 5, 1969, were valid, effective and enforceable regulations.

After a hearing, this motion was taken under advisement by the court. On February 16, 1970, the court filed a memorandum opinion. In essence, the opinion stated that although the prayer of the amended complaint asked the court to determine that an emergency did not exist when the emergency regulations were filed, the original complaint also stated that an emergency did not exist. The court then stated. "Judge Baker having ruled that this is a valid and enforceable emergency regulation, the Court

feels that any further hearing on this matter is precluded and that the original order is res judicata." The motion for summary judgment was granted and the action was dismissed.

Plaintiffs contend that the court erred in holding res judicata a finding on an issue in a preliminary hearing which had not been put in issue by any pleadings then before the court and which finding was not material to the decision made by the court on the preliminary hearing.

In support of this contention, plaintiffs maintain that the original complaint did not bring into issue the validity or invalidity of the purported emergency regulations filed by the defendant department on December 3 and 5, 1969. We need not decide that issue because we find that the show cause hearing was limited to the issue of whether the defendant department should be enjoined from putting into effect any purported or planned regulations "during the pendency of this action."

█ Initially, we must consider the nature of the show cause hearing. Although the order to show cause directs the defendants to appear and show cause why they should not be "restrained" from putting into effect any purported or planned regulations "during the pendency of this action," it is obvious that the order refers to a temporary injunction rather than a restraining order. As was pointed out in *Davis v. Gibbs*, 39 Wn.2d 180, 234 P.2d 1071 (1951), the terms have been used substantially synonymously. In *Rogers v. Kendall*, 173 Wash. 390, 391, 23 P.2d 862 (1933), the court explained the difference in restraining orders and temporary injunctions:

> The terms "temporary restraining order" and "temporary injunction," while sometimes used synonymously, are not so, as they do not mean the same thing. A temporary restraining order is ordinarily issued without notice, and remains in effect until the issues presented by that order are disposed of, when it ceases to have any effect without an order of the court discharging it. A temporary injunction is an order which is effective until the trial of the action on the merits in which it was issued. When the issues presented by the temporary restraining order are

disposed of, if by. agreement of the parties or the order of the court such temporary restraining order is continued in effect until a hearing on the merits, it becomes a temporary injunction.

See generally 2 L. Orland, Wash. Prac. § 603 at 616-19 (1965).

A preliminary injunction is an interlocutory order, granted at the outset or during the pendency of an action, forbidding the performance of threatened acts until the rights of the parties have been finally determined by the courts. Blakiston v. Osgood Panel & Veneer Co., 173 Wash. 435, 23 P.2d 397 (1933). The purpose of a preliminary injunction is to preserve the status quo of the subject matter of a suit until a trial can be had on the merits. Board of Provincial Elders of Southern Province of Moravian Church v. Jones, 273 N.C. 174, 159 S.E.2d 545 (1968). A preliminary injunction should not give the parties the full relief sought on the merits of the action. Dorfmann v. Boozer, 414 F.2d 1168 (D.C. Cir. 1969). See State ex rel. Pay Less Drug Stores v. Sutton, 2 Wn.2d 523, 98 P.2d 680 (1940).

By virtue of CR 65(a)(2) the court may order the trial of the action on the merits to be advanced and consolidated with the hearing on the application for a preliminary injunction. There is no indication in the record that the court in the show cause hearing entered an order advancing and consolidating the issues on the merits. Not only was there no order providing that the court would hear the case on the merits but the show cause order clearly limited the issues to putting into effect any purported or planned regulations "during the pendency of this action." Nor does the record reflect that the parties stipulated that the issues should be determined on the merits. If there is no order or stipulation of the parties that the merits of the action will be considered at the preliminary injunction hearing, the court cannot enter a valid order disposing of the case on the merits. See Industrial Bank of Washington v. Tobriner, 405 F.2d 1321 (D.C. Cir. 1968).

400

Additionally, an order denying a motion for a preliminary injunction is not an appealable order under the circumstances of this case. CAROA 14(3) provides:

An aggrieved party may appeal a cause over which the court of appeals has jurisdiction from any and every of following determinations, and no others, made by the superior court, or the judge thereof, in any action or proceeding:

. . .

(3) From an order granting or denying a motion for a temporary injunction, heard upon notice to the adverse party, and from any order vacating or refusing to vacate a temporary injunction: *Provided, that no appeal shall be allowed from any order denying a motion for a temporary injunction, or vacating a temporary injunction unless the judge of the superior court shall have found upon the hearing, that the party against whom the injunction was sought was insolvent;*

(Italics ours.)

■ Since the order denying the motion for a preliminary injunction was nonappealable, it cannot be res judicata as concerns any subsequent proceeding in the same cause of action. *See Bomberger v. McKelvey*, 35 Cal. 2d 607, 220 P.2d 729 (1950); *Pennsylvania Turnpike Comm'n v. McGinnes*, 169 F. Supp. 580 (E.D. Pa. 1958), and cases cited therein.

We reach the same conclusion by finding that since the order denying the preliminary injunction was nonappealable, it was not a final order. The rules of res judicata are not applicable where the order or judgment is not a final order or final judgment. *See* Restatement of Judgments § 41 (1942); C.J.S. *Motions and Orders* § 65(g) (1969).

Reversed and remanded for further proceedings under the amended complaint.

PETRIE, C.J., and PEARSON, J., concur.