IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| KARLA EASH, | ) | |
| | ) | No. 31059-1-III |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ROBERT J. RUSSELL, an unmarried | ) | UNPUBLISHED OPINION |
| person and KATHERINE BACHMAN | ) | |
| a.k.a. KATHERINE RUSSELL, and | ) | |
| unmarried person, | ) | |
| | ) | |
| Respondent. | ) | |

KORSMO, C.J. — This appeal from a preliminary injunction ruling involves a dispute between neighbors over watering a garden near the property line. We affirm and remand for trial.

FACTS

Appellant Karla Eash and respondents Robert Russell and Katherine Bachman are neighbors. Respondents have a flower garden on the eastern boundary of their property adjoining Ms. Eash's land. Ms. Eash has a fence on her side of the property line adjacent to the garden area.

Respondents water their plants and have placed a drip line on the side of the fence facing their property. The watering of the area results in spray hitting the wooden supports for the fence and also crossing the property line. Water also occasionally pools on Ms. Eash's property.

Ms. Eash filed suit and noted a motion for a preliminary injunction to stop the respondents from trespassing in person or by water. The court heard the matter 19 days later. After taking testimony and hearing argument, the court entered an "Order Granting Temporary Injunction." It enjoined the respondents pendente lite from "trespass or entering upon the property of the plaintiff either in person or by flooding plaintiff's land to the extent water pools on that land."

Ms. Eash then appealed to this court.

## ANALYSIS

Appellant argues that the court heard evidence and converted the preliminary injunction hearing into a trial on the merits, therefore entitling her to all of the requested relief from trespass. Since we do not believe the court decided the case on the merits, we reject Ms. Eash's argument and affirm.

An order granting a preliminary injunction is reviewed for abuse of discretion. *Rabon v. City of Seattle*, 135 Wn.2d 278, 285, 957 P.2d 621 (1998). The same standard applies to a permanent injunction. *City of Bremerton v. Sesko*, 100 Wn. App. 158, 995 P.2d 1257 (2000). Discretion is abused when it is exercised on untenable grounds or for

2

untenable reasons. *Federal Way Family Physicians, Inc. v. Tacoma Stands Up for Life*, 106 Wn.2d 261, 264, 721 P.2d 946 (1986); *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971).

The primary purpose of a preliminary injunction is to preserve the status quo until such time that a trial on the merits can take place. *State ex rel. Pay Less Drug Stores v. Sutton*, 2 Wn.2d 523, 98 P.2d 680 (1940). Generally, the party seeking a preliminary injunction must make the same showing on the merits as would be required for a permanent injunction. *See, e.g., Rabon*, 135 Wn.2d at 284. These include, showing "a clear legal or equitable right, that there is a well-grounded fear of immediate invasion of that right, and that the acts complained of have or will result in actual and substantial injury." *Id.* at 284. Because the purpose of a preliminary injunction is to preserve the status quo, "a preliminary injunction should not give the parties the full relief sought on the merits of the action." *McLean v. Smith*, 4 Wn. App. 394, 399, 482 P.2d 798 (1971).

Ms. Eash argues that the court converted the preliminary injunction into a permanent one by hearing the case on the merits. We disagree. A court is permitted to take evidence at a preliminary injunction hearing and sometimes must do so in order to determine whether the party has suffered actual or substantial injury. *Tyler Pipe Indus. v. Dep't of Revenue*, 96 Wn.2d 785, 794, 638 P.2d 1213 (1982). However, when conducting a preliminary injunction hearing, the court must not determine the ultimate merits of the claim. *Rabon*, 135 Wn.2d at 285.

3

Merely taking evidence does not convert a preliminary hearing into a final hearing. Instead, we must look to the court's intent. Here, the trial court clearly intended its ruling to be a preliminary injunction. The order itself identifies the relief granted as a "Temporary Injunction." The order itself refers to the injunction as pendente lite or "pending litigation." The court's letter to the parties indicates that it is granting a preliminary injunction in part. The transcript of the June 29 hearing—two days after the preliminary injunction hearing—expressly reminded the parties that the ruling was "designed to prevent irreparable harm between now and the date of the trial." Report of Proceedings (RP) (June 29, 2012) at 40. The court went on to advise the parties that all of the issues eventually would "be decided at trial." *Id.*

The authorities Ms. Eash relies upon do not require a different result. In *Rabon*, the court was primarily concerned with the legal questions of preemption and conflict of laws. The court needed to review the facts, but it did not determine them as the action was brought after an administrative appeal process had determined the facts of the case. *Rabon*, 135 Wn.2d at 283-84. Nothing in *Rabon* supports the proposition that taking evidence at a preliminary hearing results in a trial on the merits.

Ms. Eash also argues that the court clearly erred by not ordering the removal of the hose from her fence. If this had been a trial on the merits resulting in a permanent injunction, we would agree. Even if de minimis, the act is a clear trespass presuming that the fence is fully on Ms. Eash's property. The court did not remedy that condition

4

pending trial, however, because Ms. Eash did not establish that she was being substantially injured by the action. After trial, however, the trespass—if such it be—would be remediable. At this point, it is not.

The trial court did not abuse its discretion in granting only partial equitable relief pending the expected trial on the merits. It had tenable grounds for denying relief where appellant had not established a significant harm would occur before trial.

The preliminary injunction is affirmed and the case is remanded for trial.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Korsmo, C.J.

WE CONCUR:

_____
Brown, J.

_____
Kulik, J.

5