[No. 34383. Department One. July 17, 1958.]

JOHN C. PALMER, *by Jean M. Palmer, his Guardian ad Litem, Appellant, v.* WATERMAN STEAMSHIP CORPORATION, *Respondent.*[1]

[1]Reported in 328 P. (2d) 169.

*Levinson & Friedman,* for appellant.

*Riddell, Riddell & Williams* and *Graham, James & Rolph,* for respondent.

MALLERY, J.—The plaintiff was a seaman on defendant's ship. He was observed on the deck of the vessel in an intoxicated condition about three o'clock a. m., on August 22, 1955, by two crew members. They proceeded to help him toward his quarters by each taking an arm and walking him along the deck. When they reached the after deckhouse, one man preceded and one man followed plaintiff along a passageway to the top of the ladder leading down to the crew's quarters. One man left him, at this point, and the other left after plaintiff had taken a couple of steps down the ladder. A few seconds later, the plaintiff fell down the ladder and was severely injured.

The plaintiff sued by his guardian *ad litem* for the injuries received. From a judgment in favor of defendant, plaintiff appeals.

The appellant assigns error (1) to the court's refusal to give two requested instructions, which would have imposed a duty, as a matter of law, on the shipowner to care for a seaman in a helpless condition by reason of intoxication, and (2) in submitting to the jury the issue as to whether there was, in fact, such a duty on the part of the shipowner.

Appellant contends, in support of this assignment, that a shipowner has the duty to provide maintenance and cure for a sick or injured seaman; that intoxication constitutes a sickness which invokes that duty; and that this duty includes adequate measures to prevent him from being injured as a result of his intoxication.

We do not agree that the duty of maintenance and cure of sick and injured seamen includes the duty to prevent injury by reason of intoxication.

In the instant case, the appellant has received the maintenance and cure which a seaman is entitled to receive because of his injury. He needed no maintenance and cure for his intoxication prior to the injury. If there was any

duty of care on the part of the shipowner prior to the injury, it must be based, therefore, not on the subsequent sickness or injury, but on the seaman's intoxication prior thereto. The question is as to the duty, if any, that a shipowner owes to an intoxicated seaman, not what is the nature of the duty of maintenance and cure that is owed to an injured seaman. The assignments are not well taken.

■ Appellant assigns as error the submission to the jury of the issue of whether or not there was an *"invariable"* custom under which the shipowner owed a duty of care to an intoxicated seaman. The testimony on this point was conflicting, and appellant now objects to the word "invariable" in the instruction. No such objection was made at the time the instruction was submitted to the jury. It cannot be raised later for the first time.

■ Appellant contends the trial court erred in admitting certain testimony of two witnesses as to his prior intoxication. This evidence was admitted for the purpose of affecting appellant's ability to earn money by holding a steady job. The evidence was properly admitted for that purpose, as it affected the amount of damages suffered from loss of wages.

■ Appellant contends the trial court erred in admitting the testimony of a witness as to the ability of intoxicated seamen generally to descend ladders on a ship. The trial court properly admitted this evidence for the limited purpose of tending to establish the standard of reasonable care, which was owed to appellant under the circumstances.

■ Appellant contends that respondent was guilty of prejudicial misconduct in arguing the morality of drinking to the jury. Appellant objected to this line of argument, and the objection was sustained. Appellant did not ask for a mistrial. The jury was instructed that prior misconduct of the appellant was no defense, and that it could not be used to mitigate damages if the jury found liability. It was not prejudicial error.

■ Appellant contends the respondent was guilty of prejudicial misconduct in bringing the fact before the jury that appellant's family was on California welfare at the time of the trial. Respondent posed a long series of questions as to the welfare history of appellant and his family. This portion of the testimony was objected to as immaterial, and the objection was sustained. Appellant did not claim, at that time, that the question was prejudicial. He did not ask for a mistrial or for a curative instruction, or move to strike the testimony. Further, the testimony only went to the question of damages and could not be prejudicial, since the jury found there was no liability. Appellant contends this is the same as reference to insurance, and, as such, it could not be cured by an instruction. We do not agree.

■ Public assistance is available to dependent families with little or no earning power, and, thus, evidence relating to welfare prior to the accident was properly admitted as affecting the amount of wages lost as a result of the injury.

Appellant assigns error to the trial court's instruction No. 20A, which reads:

"Although there has been some testimony in this case as to the cost or value of nursing and medical services, I instruct you that such testimony is to be totally disregarded by you in computing plaintiff's damages, if you should find for the plaintiff, for the reason that plaintiff has made no claim in this action that he or his family will incur any expense for his care or treatment."

■ This case is before us on a short record, and this error was not included in the statement of points to be relied upon. Neither the court, in making its certificate, nor opposing counsel, who had the right to propose amendments to the statement of facts, had an opportunity to pass upon the sufficiency of the record with regard to this assignment of error. It, therefore, cannot be considered upon appeal.

■ Appellant contends that under Rule of Pleading, Practice and Procedure 19, 34A Wn. (2d) 81, as amended, effective November 1, 1955, his motion for summary judg-

ment on the issue of liability, made before trial, should have been granted.

We hold that the motion was properly denied, since there were issues of fact as to the extent of appellant's intoxication, the degree of negligence, if any, exercised toward him, and the existence of respondent's duty of care. This is therefore, not a case of liability, as a matter of law, and it was properly submitted to the jury.

The judgment is affirmed.

HILL, C. J., FINLEY, FOSTER, and HUNTER, JJ., concur.

---

December 10, 1958. Petition for rehearing denied.