[No. 37531.    En Banc.    October 6, 1966.]

MITCHELL C. BERITICH, *Respondent,* v. STARLET CORPORATION, *Appellant.**

*Reported in 418 P.2d 762.

*Davies, Pearson, Anderson & Pearson,* by *Vernon R. Pearson,* for appellant.

*Comfort, Dolack & Hansler (Patrick C. Comfort,* of counsel), for respondent.

FINLEY, J.—This is an appeal by the defendant, Starlet Corporation, from an order of the trial court granting the plaintiff's motion for voluntary nonsuit. The determinative issue raised is whether a motion for a voluntary dismissal without prejudice is proper after the cause had been submitted to the trial court under our summary judgment procedure, Rule of Pleading, Practice and Procedure 56, and after the trial court had orally announced its decision in favor of the defendant on its motion for summary judgment.

The fact pattern which provoked the procedural problem before us is relatively simple. The plaintiff respondent was injured while working in the defendant-appellant's shipyard. Shortly thereafter, a claim was filed on behalf of the plaintiff with the Department of Labor and Industries and with the defendant as the employer. The department entered an order determining that a compensable injury had been suffered by the plaintiff, and ordered monthly time loss compensation. No appeal was taken from that order by either party.

The amended complaint filed in this action alleged that the plaintiff's injuries occurred while he was employed by a third party whose boat was being constructed by the defendant's shipyard. The accident was alleged to have been caused by the negligence of the employees of the defendant appellant. The defendant moved for a summary judgment, with supporting affidavits and depositions, on the ground that the workman's compensation laws of the state of Washington, RCW Title 51, covered the injury involved. After hearing arguments of counsel and having examined the affidavits, depositions and briefs, the trial judge orally announced his decision in favor of the defendant, Starlet Corporation. The trial judge's theory was that the order of the Department of Labor and Industries was res judicata on the issue of whether the plaintiff was an employee of

the defendant or an employee of the third party at the time of his injury. Since that order included a finding that the plaintiff was in the employ of the defendant at the time of the accident, the trial court concluded that plaintiff was barred from instituting a common law tort action by RCW 51.04.010.

During the interim period in which counsel for the defendant was preparing the order of dismissal (with prejudice), counsel for the plaintiff-respondent moved, in the alternative, for voluntary nonsuit. Respondent submitted an affidavit with his motion, showing that he had petitioned the Department of Labor and Industries to vacate its original order pro tanto, and to change the employer named therein from the defendant to the third party whose boat was being constructed. The plaintiff-respondent's theory was that the defendant and the third party had practiced a fraud upon him by concealing his employment status, and that the plaintiff had always believed that he was in the employment of the third party. The defendant has appealed from the trial judge's subsequent entry of an order of voluntary dismissal without prejudice and his refusal to enter the defendant's order of dismissal on the merits, which the defendant had prepared pursuant to the trial judge's oral ruling on defendant's motion for summary judgment.

The problem before us, then, is to resolve the apparent conflict between RCW 4.56.120 and Rule of Pleading, Practice and Procedure 41.08W, which deal with motions for voluntary nonsuit, and Rule 56, our summary judgment procedure. Rule 41.08W and RCW 4.56.120 are somewhat overlapping and must be considered together:

> Rule 41.08W. Right to take voluntary nonsuit after trial has commenced. An action in the superior court, tried either with or without a jury, may be dismissed by the court and a judgment of nonsuit rendered upon the motion of the plaintiff at any time before plaintiff rests at the conclusion of his opening case, unless the defendant has interposed a set-off as a defense, or seeks affirmative relief growing out of the same transaction or claim, either legal or equitable, to the specific property or thing which is the subject matter of the action: *Provided,* That the trial

judge may thereafter entertain a motion for a voluntary dismissal without prejudice by the plaintiff upon good and sufficient cause in support thereof being first shown, but in such event the granting or refusal of such motion, and the imposition of terms as a condition precedent to the granting of such motion, shall rest in the sound discretion of the trial court. [Adopted Nov. 22, 1950, effective Jan. 2, 1951.]

RCW 4.56.120: Judgment of dismissal or nonsuit, grounds, effect—Other judgments on merits. An action in the superior court may be dismissed by the court and a judgment of nonsuit rendered in the following cases:

(1) Upon the motion of the plaintiff, (a) when the case is to be or is being tried before a jury, at any time before the court announces its decision in favor of the defendant upon a challenge to the legal sufficiency of the evidence, or before the jury retire to consider their verdict, (b) when the action, whether for legal or equitable relief, is to be or is being tried before the court without a jury, at any time before the court has announced its decision: *Provided,* That no action shall be dismissed upon the motion of the plaintiff, if the defendant has interposed a setoff as a defense, or seeks affirmative relief growing out of the same transaction, or sets up a counterclaim, either legal or equitable, to the specific property or thing which is the subject matter of the action.

Respondent cites the following excerpt from 4 Orland, Wash. Prac. 353 (1960), in distinguishing federal voluntary dismissal procedure from the Washington provisions:

Under the federal practice the service of a motion for summary judgment by the defendant prevents the plaintiff from dismissing the action without leave of court. This results from the express provisions of Federal Rule 41 (a) (1), which has not been adopted by the Washington court. Plaintiff's right of voluntary dismissal, therefore, continues to be governed by Rule 41.08W, which *denies* the plaintiff such relief up to the time he rests *only* in the event that *affirmative relief* is sought by the defendant. (Italics ours.)

Summary judgment is in substance, if not form, a prayer for affirmative relief; hence, Rule 41.08W and the excerpt quoted above can be interpreted so as to accommodate motions for summary judgment and/or voluntary nonsuit.

Furthermore, Mr. Orland and the respondent fail to take cognizance of the fact that the voluntary nonsuit provision, Rule 41.08W, was adopted some 5 years before there was a summary judgment procedure in this state. Respondent argues that RCW 4.56.120 is the applicable provision in view of the title of Rule 41.08W, "Right To Take Voluntary Nonsuit *After Trial Has Commenced.*" In the instant case, only the pleadings and a motion for summary judgment had been filed; it had not gone to trial. Nevertheless, RCW 4.56.120, which the respondent asserts gives him a *right* to voluntary nonsuit, is also devoid of any reference to summary judgment proceedings since it was enacted in 1929, approximately 25 years before the adoption of Rule 56.

Thus our task is to harmonize two procedures, voluntary nonsuit and summary judgment, in such a manner as to give the fullest effect to both processes. The hallmark of procedural reform is the conviction that rules of pleading, practice, and procedure are to be drafted, adopted and interpreted to the end that the merits of a controversy are the ultimate determinants—instead of the procedural jousting which unfortunately characterized common law actions. Summary judgment is a novel procedure whereby useless trials on formal issues which cannot be factually supported are avoided. *Palmer v. Waterman S.S. Corp.,* 52 Wn.2d 604, 328 P.2d 169 (1958). Of course, it may not be utilized where there is a genuine issue as to a material fact. In the instant case, the trial judge indicated orally that no material issue of fact existed in this litigation. Should a nonmoving plaintiff in a summary judgment procedure be entitled, as a matter of right, to a voluntary nonsuit after the motion for summary judgment has been submitted to the court?

Three cogent reasons support our conclusion that under the circumstances herein plaintiff should not be entitled to a nonsuit as a matter of right. The summary judgment procedure, at least from the defendant's viewpoint, would become a virtual nullity if a plaintiff can "exit stage left" upon hearing an adverse oral decision of the trial judge on the summary judgment motion. Secondly,

if there is a "conflict" between our provisions for nonsuit and summary judgment, the language of the one most recently adopted should control:

> The motion shall be served at least ten days before the time fixed for the hearing. The adverse party, prior to the day of hearing, may serve opposing affidavits. The judgment sought *shall be rendered forthwith* if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. (Italics ours.) Rule of Pleading, Practice and Procedure 56(c).

Finally, the submission of a motion for summary judgment to the trial court for decision is analogous to the situation covered by RCW 4.56.120(1)(b), which states that an action may be dismissed by the trial court and a judgment of nonsuit rendered,

> when the action, whether for legal or equitable relief, is to be or is being tried before the court without a jury, *at any time before the court has announced its decision*: . . . . (Italics ours.)

As previously mentioned, the trial judge had already verbally indicated his ruling, granting the defendant's motion for summary judgment, at the time of the plaintiff's motion for voluntary nonsuit. The trial judge had "announced his decision" that there was no genuine material issue of fact, and that the question of law relating to plaintiff's employment status was res judicata by virtue of the order of the Department of Labor and Industries.

The dismissal without prejudice of the order of the trial court is reversed, and the cause is remanded for further proceedings in accord with the principles announced in this decision.

ALL CONCUR.