[No. 1551-3.    Division Three.    August 11, 1976.]

FLOYD BURRIS, *as Guardian*, *Appellant*, v. GENERAL INSURANCE COMPANY OF AMERICA, *Respondent*.

*Robert R. Redman, Joel E. Smith,* and *Gavin, Robinson, Kendrick, Redman & Mays,* for appellant.

*Walter G. Meyer, Jr.,* and *Halverson, Applegate, McDonald, Bond, Grahn, Wiehl & Almon,* for respondent.

McINTURFF, C.J.—Floyd Burris, guardian ad litem of Mark Burris, appeals a summary judgment dismissing his declaratory-judgment action to determine whether an injury to Mark came within the purview of a "Standard Workmen's Compensation and Employer's Liability Policy"[1] issued by General Insurance Company of America (General) to Pacific Coast Nursery (Pacific).

The affidavits and deposition before the superior court support the following factual statement: Pacific hired high school students as weeders to work in its field when necessary. The students reported each day to a staging area for Pacific's work crew, known as the plant, during weeding season. Depending upon where weeding was needed, the students were assigned either to the Cold Creek property which is approximately 25 miles from the plant or to a parcel of land in the plant's immediate vicinity. Pacific provided transportation to the Cold Creek site for 20 to 25 weeders; however, on many occasions, more than that number reported for work.

On June 16, 1971, Mark worked in the fields near the

---

[1] "Coverage C—Voluntary Compensation. To pay on behalf of the insured, if any employee within a group of employees hereinafter described shall sustain injury, including death resulting therefrom, while employed by the insured in operations in a state specified opposite the description of such group of employees, under circumstances which would have rendered the insured liable for compensation if the injured employee and the insured had been subject to the Workmen's Compensation Law hereinafter designated with respect to such employment, an amount equal to the compensation and other benefits which would have been payable under such law had the injured employee and the insured been subject to such law with respect to such employment."

plant. The next day, he was assigned to the Cold Creek property and was transported to the Cold Creek property by a regular employee of Pacific. On the morning of June 18, Mark reported to the plant. The weeders were assigned to the Cold Creek site. Because there was not enough transportation to carry all the weeders to the Cold Creek site, those left behind were told they could work if they provided their own transportation. It was for this reason Mark caught a ride in the back of a privately owned pickup truck which was headed to the site. While en route, the truck was involved in an accident and Mark was injured.

Both parties moved for summary judgment. The trial court found that there was no issue of fact; that there was no employer-employee relationship at the time of the accident and dismissed the suit.

Both parties recognize the general rule that an employee traveling to and from work is not within the course of his employment as that phrase is used in the area of workmen's compensation.[2] However, plaintiff contends the "facts" of this case bring into play an exception,[3] *i.e.*, transfer from one place to another at the direction of the employer is the performance of a beneficial duty to the employer, and, thus, the transfer is within the scope of the employee's employment.

The sole issue is whether there exists an issue of material fact as to whether Mark was acting within the scope of his employment. We answer in the affirmative.

■ Summary judgment is designed to do away with useless trials on formal issues which cannot be factually supported, or, if factually supported, could not as a matter of law lead to a result favorable to the nonmoving party.[4] The fact that both parties to an action move for summary judgment does not compel the conclusion that a judgment

[2]*Venho v. Ostrander Ry. & Timber Co.*, 185 Wash. 138, 52 P.2d 1267 (1936). *See also* 8 W. Schneider, *Workmen's Compensation* § 1710 (3d ed. 1951).

[3]*Burchfield v. Department of Labor & Indus.*, 165 Wash. 106, 4 P.2d 858 (1931).

[4]*Palmer v. Waterman S.S. Corp.*, 52 Wn.2d 604, 328 P.2d 169 (1958).

must be granted. Each motion must be considered separately and both motions should be denied if the court finds that there is a genuine issue as to a material fact.[5] The moving party has the burden of showing that there is no genuine issue of fact regardless of where the ultimate burden of proof would lie at trial.[6] Although evidentiary facts in this case may not be in dispute, they support contradictory inferences[7] as to the existence of the employee-employer relationship in this case. The court must draw all reasonable inferences most favorable to the nonmoving party.[8]

The importance of the weeders reporting to the main office and being dispatched from there to different sites at the discretion of Pacific, coupled with (1) the fact Pacific transported 20 to 25 people to the Cold Creek property, (2) the fact more than 20 to 25 weeders would often times report at the main office, and (3) an admission by Pacific's manager that it was in Pacific's best interests to have as many weeders working in the different fields as possible, creates (albeit by inference) a question of fact as to whether Mark was employed when he reported to the plant at approximately 7 a.m., and was, therefore, traveling between the plant and the Cold Creek property within the purview of the exception.

The judgment of the superior court is reversed and the cause is remanded for trial.

Green and Munson, JJ., concur.

Petition for rehearing denied September 22, 1976.

Review denied by Supreme Court December 21, 1976.

---

[5] *Mitchell v. McCarty*, 239 F.2d 721 (7th Cir. 1957).

[6] *Preston v. Duncan*, 55 Wn.2d 678, 349 P.2d 605 (1960).

[7] *See Preston v. Duncan*, 55 Wn.2d 678, 349 P.2d 605 (1960).

[8] *See Wood v. Seattle*, 57 Wn.2d 469, 473, 358 P.2d 140 (1960).