135 P.3d 985 (2006)
133 Wash.App. 374
The LEAGUE OF WOMEN VOTERS OF WASHINGTON, a nonpartisan political organization; Elliot Newman, a Mercer Island voter and taxpayer; Ben J. Werner, a Mercer Island voter and taxpayer; Myra Lupton, a Mercer Island voter and taxpayer; and Pat Matteson, a Mercer Island voter and taxpayer, Respondents,
v.
KING COUNTY RECORDS, ELECTIONS AND LICENSING SERVICES DIVISION; and Dean Logan, the Director of King County Records, Elections and Licensing Services Division, in his official capacity only, Defendants,
v.
Save Mi Sov, a Washington nonprofit corporation, Appellant.
No. 56281-9-I.
Court of Appeals of Washington, Division 1.
June 5, 2006.
As Modified July 26, 2006.
*986 Matt O'Meara, Seattle, for Appellant.
Steve W. Berman, Jeniphr A.E. Breckenridge, Hagens Berman Sobol Shapiro, Seattle, for Respondents.
COX, J.
¶ 1 A dismissal of a plaintiff's case is generally mandatory at any time before "plaintiff rests at the conclusion of his [or her] opening case."[1] Plaintiff The League of Women Voters (the League) moved to dismiss its case almost seven months after winning a preliminary injunction at a contested hearing. Intervenor Save Mercer Island's Single Occupant Vehicle (SAVE MI SOV) argues that the trial court abused its discretion in granting the dismissal motion. Because the preliminary injunction hearing was not the functional equivalent of a trial in this case, we affirm.
¶ 2 The relevant facts are undisputed. In August 2004, the Mercer Island City Council passed Resolution 1337. It provided that Mercer Island agreed to amend a 1976 Memorandum of Agreement with Seattle, King County, Bellevue, and the Washington State Highway Commission. The amendment permits conversion of center High Occupancy Vehicle (HOV) lanes on Interstate 90 to high capacity transit lanes. The amendment also affects Mercer Island residents' right to use HOV lanes by single-occupancy vehicles.
¶ 3 SAVE MI SOV is a nonprofit corporation formed by a citizen group. SAVE MI SOV obtained sufficient signatures to place a referendum challenging Resolution 1337 on the November 2004 ballot. The League commenced this declaratory judgment action against King County seeking injunctive and other relief against the County placing the referendum on that ballot. King County appeared, but took no active position in the lawsuit. The superior court granted SAVE MI SOV's motion to intervene to oppose the League's request for a preliminary injunction.
¶ 4 After a contested hearing, the trial court granted a preliminary injunction on a basis not pertinent to this appeal. The court did not require the posting of a bond. That same day, SAVE MI SOV sought emergency discretionary review, which we denied that afternoon.
¶ 5 Nearly seven months later, the League moved for voluntary dismissal pursuant to CR 41(a)(1)(B). The court granted the motion.
¶ 6 SAVE MI SOV appeals.

MANDATORY DISMISSAL
¶ 7 SAVE MI SOV argues that the League lost its right to mandatory dismissal of this action when it earlier submitted the merits of its complaint to the court at the preliminary injunction hearing. We hold that dismissal of this action was mandatory under CR 41(a)(1)(B).[2]
¶ 8 Court rules are interpreted using principles of statutory construction.[3] In considering a statute, we must "assume that the legislature means exactly what it says,"[4] and we will "give words . . . their plain and ordinary *987 meaning."[5] When reading a statute, we will not construe language that is clear and unambiguous, but will instead give effect to the plain language without regard to rules of statutory construction.[6] The construction of a statute is a question of law that we review de novo.[7] Where we are required to review the application of a court rule to the facts or to harmonize a court rule with a statute, our review is also de novo.[8]
¶ 9 CR 41(a)(1)(B), the rule at issue, provides:
[A]ny action shall be dismissed by the court:
. . .
(B) By Plaintiff Before Resting. Upon motion of the plaintiff at any time before plaintiff rests at the conclusion of his opening case.[9]
. . .
A voluntary dismissal is without prejudice unless the trial court provides otherwise.[10]
¶ 10 The dispute before us centers on the meaning of the words "at the conclusion of his opening case" in the rule. SAVE MI SOV argues that the contested hearing on the League's motion for preliminary injunctive relief was akin to a trial, and that the League presented its "opening case" at that hearing and then rested. The effect of the League's actions, according to SAVE MI SOV, was to terminate the League's right to seek mandatory dismissal at a later time under this rule.
¶ 11 No Washington case has addressed this issue. The parties appear to agree that the phrase applies where a matter proceeds to the point at trial of an action where plaintiff presents his or her case and then moves for dismissal before resting. They disagree whether and to what extent the rule applies where plaintiff seeks a voluntary dismissal before trial.
¶ 12 We conclude that the plain and most natural reading of the phrase at issue is that it is generally limited to a voluntary dismissal at trial "at any time before plaintiff rests" following the presentation of plaintiff's opening case. RCW 4.56.120, a statute dealing with the same subject matter as the court rule, supports this conclusion in that it states in relevant part:
An action in the superior court may be dismissed by the court and a judgment of nonsuit rendered in the following cases:
(1) Upon the motion of the plaintiff, (a) when the case is to be or is being tried before a jury, at any time before the court announces its decision in favor of the defendant upon a challenge to the legal sufficiency of the evidence, or before the jury retire to consider their verdict, (b) when the action, whether for legal or equitable relief, is to be or is being tried before the court without a jury, at any time before the court has announced its decision. . .[11]
This statute offers alternatives for a nonsuit at times other than the time stated by the rule. But regardless of the fact that the statute uses times during trial other than after "plaintiff rests at the conclusion of his opening case," it clearly permits a nonsuit up to a point during trial, not before. In order to harmonize the provisions of the rule with those of the statute, we conclude that a plaintiff generally has the right to a voluntary mandatory dismissal under CR 41(a)(1)(B) any time before "plaintiff rests at the conclusion of his opening case" during trial.
*988 ¶ 13 SAVE MI SOV relies on cases from other jurisdictions to support its interpretation of CR 41. None are helpful.
¶ 14 The primary case on which SAVE MI SOV relies is Bancroft & Martin, Inc. v. Truck Drivers, Warehousemen & Helpers Union.[12] There, the Maine Supreme Court interpreted that state's voluntary dismissal rule in the context of the statutory right to appeal a preliminary injunction. The employer commenced an action and obtained a preliminary injunction to prohibit picketing workers from blocking access to the employer's place of business. The union appealed, and the employer then moved for voluntary dismissal in the trial court,[13] subsequently arguing that the appeal should be dismissed because, having dismissed the action in the trial court, there was nothing to appeal.
¶ 15 The "limited circumstance" considered by the court distinguishes Bancroft & Martin from this case. The court noted that it interpreted its civil rule permitting voluntary dismissal "before commencement of the action" as meaning before the commencement of the preliminary injunction hearing only because "[t]o hold otherwise would be to deprive a defendant against whom a preliminary injunction has issued of the statutorily granted right of appeal."[14] No such statutory right is at stake in this case.
¶ 16 SAVE MI SOV cites Miller v. Wilkes[15] for the proposition that the right to voluntary dismissal should be terminated by any action by the defendant, such as a memorandum and affidavit in opposition to plaintiff's motion for preliminary injunction, "which would require the court to consider the merits of the controversy."[16] In Miller, the court considered whether the court had the power to award attorney fees following a voluntary dismissal. It held that, under the Alaska rule, which mirrors the federal rule, the memorandum filed in opposition to the motion for preliminary injunction was tantamount to an answer, cutting off plaintiff's right to dismissal by notice.[17] Therefore, the trial court was within its power considering the notice as a motion for dismissal and awarding costs.[18]
¶ 17 This case is inapposite for two reasons. First, the Alaska rule, like the federal rule, is more restrictive than the Washington rule. In Washington, the filing of an answer does not cut off the plaintiff's right to voluntary dismissal. Second, Miller did not hold that a hearing on a motion for preliminary injunction is akin to a trial or analogous to a party resting its opening case.
¶ 18 Finally, SAVE MI SOV likens this case to Prefer v. PharmNetRx, L.L.C.,[19] a Colorado replevin action. There, the plaintiff obtained a preliminary injunction against a fired employee, which required him to return hardware, information and related software he had developed and taken. After the defendant returned the software, but before trial, plaintiff filed a motion for voluntary dismissal. The court granted the motion with prejudice, at the same time denying Prefer's request for return of the items that were the subject of the replevin order.[20]
¶ 19 Prefer is of little help here due to the "extraordinary nature of a writ of replevin."[21] Because of the unique situation presented in that case, the Colorado court of appeals noted that "general law has held that where a plaintiff has been put in possession of property under a writ, he cannot escape *989 liability to the defendant by voluntarily dismissing [the] action . . . if the rule were otherwise, a plaintiff under cover of legal process by use of the writ of replevin could perpetuate a fraud on the law and be allowed to keep property taken from the possession of a defendant at the beginning of the suit without proving the allegations of his complaint."[22] There simply is no parallel situation here.
¶ 20 SAVE MI SOV next argues that preliminary injunction hearings are mini-trials, and as such the presentation of one's case at such a hearing is the functional equivalent of presenting one's opening case and then resting at trial. We hold that on the facts of this case, there was no trial in the sense marking the termination of the right to obtain a mandatory nonsuit under CR 41(a)(1)(B).
¶ 21 Civil Rule 65(a)(2) delineates between an application for a preliminary injunction and a trial of the action on the merits by permitting the trial court to consolidate the two.[23] If the court does not expressly state that it is consolidating the injunction hearing and a trial on the merits, it may not render a final determination on the merits.[24] Here, there was no such motion for consolidation. So we need not determine in this case whether such a consolidation would have terminated the right of the League to seek mandatory voluntary dismissal at a later time.
¶ 22 The federal counterpart to CR 41 permits voluntary dismissal "by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs."[25] There is one federal case, Harvey Aluminum, Inc. v. American Cyanamid Co.,[26] that treated a preliminary injunction motion as an answer or motion for summary judgment for purposes of the federal dismissal rule. But that case has subsequently been limited to its "extreme" facts.[27] In fact, the Second Circuit has since explicitly declined to treat a motion for a preliminary injunction, where a hearing has been held and issue has been "joined", as the equivalent of an answer or a motion for summary judgment under the "unambiguous" wording of the federal rule.[28]
¶ 23 Similarly, the Sixth Circuit rejected Harvey's rationale, which SAVE MI SOV advances here, noting that the plain language of the rule prohibited its extension to any situation where the merits are before the trial court.[29]
¶ 24 The Washington rule's plain language requires a similar result. The wording "before plaintiff rests at the conclusion of his opening case" does not support extension to pretrial or preliminary motions, although the court is required to consider the merits of the case in order to make a preliminary determination. As previously noted in this opinion, we are not required to resolve and do not resolve here whether consolidation of an application for a preliminary injunction with a trial of the action on the merits under Civil Rule 65(a)(2) changes this result.
¶ 25 SAVE MI SOV also urges us to hold that a hearing for a preliminary injunction is akin to a hearing on a summary judgment motion for purposes of the voluntary dismissal rule. This argument is based on a request to extend the reasoning of our supreme court's decision in Beritich v. Starlet Corp[30] to this case. We decline to do so.
*990 ¶ 26 There, the supreme court considered the apparent conflict between RCW 4.56.120 and Rule of Pleading, Practice and Procedure 41.08W, a predecessor to CR 41. That court noted that the two provisions were somewhat overlapping and must be construed together. The court held that following defendant's motion for summary judgment and a favorable oral decision on the motion, plaintiff's voluntary nonsuit was no longer available as a matter of right.[31] SAVE MI SOV urges that we analogize a court's decision on a preliminary injunction to the announcement of a decision on a motion for summary judgment.
¶ 27 Noticeably absent from this argument is the citation to any authority to support the proposition that there is a valid analogy between the two types of proceedings. We see none.
¶ 28 For example, a motion for summary judgment is a request for a final ruling on the merits of the case.[32] A motion for a preliminary injunction is not.[33] While the court must consider the merits in making its determination, the standard for granting a preliminary injunction is different than that for granting summary judgment.
¶ 29 "To obtain a preliminary injunction, a party must establish either: (1) probable success on the merits and irreparable injury, or (2) sufficiently serious questions going to the merits to make the case a fair ground for litigation with the balance of hardships tipping decidedly in its favor."[34] An order granting a preliminary injunction is not a final order, nor a final determination on the merits of the case. In contrast, summary judgment requires the moving party to show there exist no issues of material fact and that the moving party is entitled to judgment as a matter of law.[35]
¶ 30 Because there is no valid analogy between the two types of proceedings for purposes of the issue now before us, we reject any extension to a preliminary injunction hearing the rationale of Beritich.

Loss of Remedy
¶ 31 Lastly, SAVE MI SOV argues that the dismissal prevents it from obtaining review of the merits of the trial court's preliminary injunction ruling. This argument is unpersuasive.
¶ 32 The order of dismissal was a final order, subject to the right of either party to seek review. SAVE MI SOV exercised that right, but limited its arguments on appeal to the propriety of the order of dismissal. For reasons that have not been explained to this court, SAVE MI SOV did not also seek review of the preliminary injunction ruling as well, which it had a right to do.[36] Therefore, its argument that affirmance of the order of dismissal denies it a right to appeal the preliminary injunction ruling is unavailing.
¶ 33 We affirm the order of dismissal under Cr 41(a)(1)(B).
WE CONCUR: AGID and DWYER, JJ.
NOTES
[1] CR 41(a)(1)(B).
[2] SAVE MI SOV also asserts in its brief that the dismissal was permissive because the League had rested its case by submitting the merits of its claim to the court at the preliminary injunction hearing. SAVE MI SOV presents no further argument of this point. Accordingly, we deem the point abandoned on appeal; see Valley View Industrial Park v. City of Redmond, 107 Wash.2d 621, 733 P.2d 182 (1987) (citing Seattle Sch. Dist. 1 v. State, 90 Wash.2d 476, 585 P.2d 71 (1978)).
[3] State v. Blilie, 132 Wash.2d 484, 492, 939 P.2d 691 (1997) (citing State v. Greenwood, 120 Wash.2d 585, 592, 845 P.2d 971 (1993)).
[4] Morgan v. Johnson, 137 Wash.2d 887, 891-92, 976 P.2d 619 (1999).
[5] State v. Keller, 98 Wash.App. 381, 383-84, 990 P.2d 423 (1999).
[6] Allan v. Dep't of Labor & Indus., 66 Wash.App. 415, 418, 832 P.2d 489 (1992).
[7] Rettkowski v. Dep't of Ecology, 128 Wash.2d 508, 515, 910 P.2d 462 (1996).
[8] Malted Mousse, Inc. v. Steinmetz, 150 Wash.2d 518, 525, 79 P.3d 1154 (2003); see also Port of Port Angeles v. CMC Real Estate Corp., 114 Wash.2d 670, 675, 790 P.2d 145 (1990) (applying de novo review to the application of CR 41(a)); Beritich v. Starlet Corp., 69 Wash.2d 454, 459, 418 P.2d 762 (1966).
[9] (Emphasis added.)
[10] CR 41(a)(4).
[11] RCW 4.56.120(1).
[12] 412 A.2d 1216 (Me.1980).
[13] Id. at 1217; Maine's Civil Procedure Rule 41(a)(1) provides: "Subject to the provisions of Rule 23(c) and of any statute, an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before commencement of trial of the action. . . ."
[14] Id. at 1217.
[15] 496 P.2d 176 (Alaska 1972).
[16] Id. at 177-78.
[17] See Alaska Rule of Civil Procedure 41(a)(1) "[A]n action may be dismissed by the plaintiff without an order of the court: [a] by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment . . . ."; cf. Fed.R.Civ.P. 41.
[18] Miller, 496 P.2d at 178.
[19] 18 P.3d 844 (Colo.Ct.App.2000).
[20] Id. at 847.
[21] Id. at 852.
[22] Id.
[23] CR 65(a)(2).
[24] McLean v. Smith, 4 Wash.App. 394, 399, 482 P.2d 798 (1971).
[25] Fed.R.Civ.P. 41.
[26] 203 F.2d 105 (2d Cir.1953).
[27] Thorp v. Scarne, 599 F.2d 1169, 1175-76 (2d Cir.1979); see also Santiago v. Victim Services Agency of Metropolitan Assistance Corp., 753 F.2d 219, 221-22 (2d Cir.1985), overruled on other grounds by Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990).
[28] Santiago, 753 F.2d at 222 (no jurisdiction to award attorney's fees under 42 U.S.C. § 1988 after notice dismissal).
[29] D.C. Electronics, Inc. v. Narton Corp., 511 F.2d 294 (6th Cir.1975).
[30] 69 Wash.2d 454, 418 P.2d 762.
[31] Beritich, 69 Wash.2d at 455, 418 P.2d 762.
[32] Carlton v. Black, 153 Wash.2d 152, 170, 102 P.3d 796 (2004) ("[A] grant of summary judgment is a final judgment on the merits with the same preclusive effect as a full trial . . . .").
[33] McLean, 4 Wash.App. at 399, 482 P.2d 798 ("A preliminary injunction is an interlocutory order, granted at the outset or during the pendency of an action, forbidding the performance of threatened acts until the rights of the parties have been finally determined by the courts."); CR 65(a)(2).
[34] Baby Tam & Co. v. City of Las Vegas, 154 F.3d 1097, 1100 (9th Cir.1998) (emphasis added).
[35] CR 56(c).
[36] RAP 2.4(b) provides as follows:

The appellate court will review a trial court order or ruling not designated in the notice, including an appealable order, if (1) the order or ruling prejudicially affects the decision designated in the notice, and (2) the order is entered, or the ruling is made, before the appellate court accepts review. A timely notice of appeal of a trial court decision relating to attorney fees and costs does not bring up for review a decision previously entered in the action that is otherwise appealable under rule 2.2(a) unless a timely notice of appeal has been filed to seek review of the previous decision. (Emphasis added).