IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | |
|---|---|
| JOHN DOE A, a minor by and through legal guardians RICHARD ROE and JANE ROE, and JOHN DOE B, and JOHN DOE J, as individuals and on behalf of others similarly situated, | No. 80316-6-I |
| Respondent, | DIVISION ONE |
| v. | UNPUBLISHED OPINION |
| DONNA ZINK, A married woman, | |
| Appellant. | |

LEACH, J. — In two consolidated lawsuits, Donna Zink appeals trial court orders authorizing certain John Does to proceed using pseudonyms and later dismissing both John Doe lawsuits at the plaintiffs' request with prejudice without requiring them to disclose their true identities.

BACKGROUND

Using the Public Records Act, Donna Zink asked the King County Sheriff's office and the King County Prosecuting Attorney's office to produce all Sex Offender Sentencing Alternative (SSOSA) evaluations and other documents relating to sex offenders. This resulted in the subjects of those records filing a number of lawsuits to prevent Zink from obtaining them. This case involves two of those lawsuits. The trial court consolidated them and a third case not involved in this appeal because they shared common legal issues and defendants. One was

Citations and pin cites are based on the Westlaw online version of the cited material.

filed on behalf of Level I offenders and the other was filed on behalf of Level II and Level III offenders.

Level I Offenders Lawsuit

In case No. 14-2-30190-1, John Doe A, John Doe B, and John Doe J (John Does 1), all Level I sex offenders, sued Zink to enjoin the release of the requested records for all Level I offenders. On November 20, 2014, the trial court granted the John Does' 1 request for preliminary injunction enjoining the release of the records and granted their request to proceed in pseudonym.

In December 2014, the trial court granted the John Does' 1 request for class certification. It also consolidated three pending Public Records Act (PRA) cases involving Zink's record requests including the Level II and Level III sex offenders (John Doe 2) lawsuit under case No. 14-2-30190-1. In June 2015, the trial court granted the John Does' 1 summary judgment request and issued a permanent injunction relating to Level I offender records. It denied Zink's requests for summary judgment and for reconsideration. On August 3, 2015, Zink appealed multiple orders entered in the consolidated cases both before and after consolidation. Our court ultimately dismissed her appeal as premature because no final order had been entered resolving the claims of Level II and Level III offenders.

On April 7, 2016, the Washington State Supreme Court held in Doe v. Washington State Patrol[1] that Level I sex offenders are not exempt from public

---

[1] 185 Wn.2d 363, 374 P.3d 63 (2016).

records disclosure.[2]

On February 22, 2018, the Washington State Supreme Court, in Doe G. v. Department of Corrections,[3] held that SSOSA evaluations are not medical records exempt from disclosure under the PRA.[4] It also held that a court may not authorize a party to use a pseudonym without applying GR 15 and Ishikawa[5] factors.[6]

After the Doe G. decision, the John Does 1 joined in John Doe's 2 request to dismiss their lawsuit with prejudice. The trial court vacated the permanent injunction it had previously entered, dismissed the John Does' 1 lawsuit, found the issue of pseudonym use moot, and denied Zink's request to unseal records.

Level II and Level III Offender Lawsuit

In case No. 14-2-32120-1, John Doe 2 sued Zink to enjoin the release of the requested records for all Level II and Level III offenders. John Doe's 2 requested a preliminary injunction. In that request, he advised the court that he was no longer asking to use a pseudonym in the lawsuit. He supported his request with a declaration that he signed with his true name.

In January 2015, the trial court enjoined the release of sex offender registration forms for Level II and Level III sex offenders, except as allowed using the procedures mandated by RCW 4.24.550, including a form-by-form and offender-by-offender review before release. It also enjoined release of all psychosexual evaluations. The court also enjoined King County from releasing

---

[2] 185 Wn.2d at 384-85.
[3] 190 Wn.2d 185, 410 P.3d 1156 (2018).
[4] 190 Wn.2d at 193.
[5] 97 Wn.2d 30, 640 P.2d 716 (1982).
[6] 190 Wn.2d at 201-02.

any psychosexual evaluations or any database containing information from the registration forms that was not otherwise available to the public. And, it granted John Doe's 2 request for class certification.

After the <u>Doe G.</u> decision, John Doe 2 asked the court to strike the preliminary injunction and dismiss the lawsuit with prejudice. Over Zink's objection, the trial court struck the injunction and dismissed the case with prejudice. It also denied Zink's motion to unseal court records.

The trial court did not enter any order providing for the sealing or destruction of any court filing. Zink sought direct review by our Supreme Court. It transferred the case to the Court of Appeals.

ANALYSIS

Zink makes 15 assignments of error. Her claims fall into two general categories. First, she contends the trial court should not have dismissed the John Does' 1 lawsuit under CR 41 because it had granted earlier the John Does' 1 permanent injunction resolving all their claims. Second, she asserts the Washington State Constitution and several court rules prohibit the dismissal of a lawsuit filed using a pseudonym without first changing the caption to include the true names of the parties who filed it.

<u>CR 41 Claim</u>

Zink asserts that because the trial court granted summary judgment for the John Does 1, the court should not have granted their later request to dismiss their lawsuit under CR 41. We disagree.

This court reviews a decision to grant a voluntary dismissal under CR 41 for

abuse of discretion.[7] But, it reviews the application of a court rule to undisputed facts de novo.[8] A plaintiff's right to a voluntary nonsuit must be measured by the posture of the case at the precise time the motion is made because the right to dismissal, if any, becomes fixed at that point.[9]

CR 41(a)(1)(B) requires that a trial court dismiss a case "[u]pon motion of the plaintiff at any time before plaintiff rests at the conclusion of plaintiff's opening case." After the plaintiff rests its opening case, the court may grant a voluntary nonsuit upon a showing of good cause and appropriate conditions.[10]

Zink relies on Beritich v. Starlet Corp., [11] where our Supreme Court held that a nonmoving plaintiff is not entitled, as a matter of right, to a voluntary nonsuit after a defendant's motion for summary judgment has been submitted to the court, and the court has orally announced a decision in favor of the defendant.[12] The court noted, "(T)he summary judgment procedure, at least from the defendant's viewpoint, would become a virtual nullity if a plaintiff can 'exit stage left' upon hearing an adverse oral decision of the trial judge on the summary judgment motion."[13]

This case is procedurally different than Beritich. Here, the party winning the

---

[7] Farmers Ins. Exch. v. Dietz, 121 Wn. App. 97, 100, 87 P.3d 769 (2004).
[8] Farmers Ins. Exch., 121 Wn. App. at 100; Calvert v. Berg, 177 Wn. App. 466, 471, 312 P.3d 683 (2013).
[9] Paulson v. Wahl, 10 Wn. App. 53, 57, 516 P.2d 514 (1973) (citing Krause v. Borjessan, 55 Wn.2d 284, 285, 347 P.2d 893 (1959)).
[10] CR 41(a)(2).
[11] 69 Wn.2d 454, 418 P.2d 762 (1966).
[12] Beritich, 69 Wn. 2d at 458.
[13] Beritich, 69 Wn. 2d at 458.

summary judgment request, not the party losing it, asked the court to dismiss its lawsuit. So, here the party losing the summary judgment decision did not deprive the successful party of the benefit of its request. And, John Doe's 2 lawsuit had been consolidated with the John Does' 1 lawsuit before the trial court granted the John Does' 1 summary judgment request. So, the provisions of CR 54(b) apply.

> (b) Judgment Upon Multiple Claims or Involving Multiple Parties. When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross claim, or third party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination in the judgment, supported by written findings, that there is no just reason for delay and upon an express direction for the entry of judgment. The findings may be made at the time of entry of judgment or thereafter on the courts own motion or on motion of any party. In the absence of such findings, determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

The trial court did not direct the entry of a final judgment. In Zink's first appeal, we dismissed her appeal because the trial court had not entered a final judgment. So, the permanent injunction entered in favor of the John Does 1 did not terminate their lawsuit against Zink. CR 54(b) authorized the trial court to revise the permanent injunction any time before it entered a judgment deciding the claims of John Doe 2. It did not do this before it dismissed the consolidated lawsuits.

Implicit in the John Does' 1 request to join in John Doe's 2 request to dismiss his lawsuit was a request to vacate the permanent injunction. Zink has not cited

6

any authority, and we are not aware of any authority, for the proposition that an order entered in a lawsuit before it is later dismissed remains in force.

When the John Does 1 asked the court to dismiss their lawsuit, the court had authority to vacate the permanent injunction. Doing this left the John Does' 1 claims unresolved and subject to a voluntary dismissal at their request under CR 41. The trial court's challenged order implicitly vacated the permanent injunction because it dismissed the John Does' 1 lawsuit with prejudice. Zink's challenge to the trial court's authority under CR 41 fails.

As a practical matter and one of judicial economy, we note that after the John Doe G decision, the permanent injunction ultimately would have been vacated. The actions of the John Does 1 recognized the futility of continuing with their lawsuit and resolved it in a most expeditious manner.

Disclosure of True Identities

Zink claims the trial court should have required the disclosure of the true names of each John Doe in the caption of each lawsuit before dismissing those lawsuits. She makes several arguments to support this claim. First, she contends the trial court must apply GR 15 and the Ishikawa[14] factors before dismissing a lawsuit filed under a pseudonym without requiring disclosure of true names in the caption. Second, she contends that applicable court rules prohibit the filing of a complaint to start a lawsuit whose caption does not contain the true names of the parties filing the complaint. Finally, she asserts that dismissing a lawsuit without this disclosure violates her due process rights.

---

[14] 97 Wn.2d 30, 640 P.2d 716 (1982).

7

We resolved Zink's first claim against her in Doe v. King County.[15]  There we held in a similar case involving Zink that the trial court did not need to conduct an Ishikawa analysis before dismissing the John Does' 1 complaint with prejudice at their request pursuant to CR 41.  For the same reasons, Zink's claim fails here too.  No Washington State court rule or reported appellate court decision describes the procedure a party wishing to file a lawsuit anonymously must follow.

As Zink correctly notes, CR 10(a)(1) states, "(I)n the complaint the title of the action shall include the names of all the parties," and CR 17(a) states, "(E)very action shall be prosecuted in the name of the real party in interest."  No reported decision of a Washington State appellate court addresses the remedy for violating these rules by filing a lawsuit anonymously.  But, federal courts have identified the remedy for a lawsuit filed anonymously under circumstances where the court found that proceeding anonymously was not justified.  The remedy is dismissal with prejudice.[16]  Here, the trial court dismissed both lawsuits with prejudice.  Zink cites no persuasive authority or argument for any additional remedy.

Due Process

For the first time on appeal, Zink claims she was denied due process by the trial court's dismissal of both lawsuits without disclosure of the true identity of the parties who sued her.  A Washington State appellate court will generally not consider an issue for the first time on appeal unless the party raising it shows

---

[15] John Doe v. King County, No. 80321-2-I, (Wash. Ct. App. Dec. 7, 2020), http://www.courts.wa.gov/opinions/pdf/803212.pdf.

[16] Doe v. Kamehameha Sch./Bernice Pauahi Bishop Estate, 596 F.3d 1036, 1046 (9th Cir. 2010), Doe v. Megless, 654 F.3d 404, 411-12 (3d Cir. 2011).

"manifest error affecting a constitutional right."[17] To satisfy this requirement, Zink must show actual prejudice or that the claimed error "had practical and identifiable consequences to the trial."[18]

John Doe 2 identified himself in a pleading filed with the trial court. And, Zink has not shown any actual prejudice or change in outcome caused by the failure of the John Does 1 to identify themselves. We decline to consider her due process claim.

## CONCLUSION

We affirm. The trial court had authority to dismiss the consolidated lawsuits under CR 41. And, anonymous parties who have their case dismissed at their request, before a decision on the merits, usually should not be forced to reveal their true names as that would obviate the relief they sought. We decline to consider Zink's due process claim for the first time on appeal because she fails to show prejudice.

_Leach, J._

WE CONCUR:

_Dwyer, J._     _Appelwick, J._

---

[17] RAP 2.5(a)(3).
[18] In re Det. of Monroe, 198 Wn. App. 196, 201, 392 P.3d 1088 (2017).