COURT OF APPEALS DIV 1
2018 JUL -9 AM 9: 53



# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

CHUCK HAUNREITER, )
) No. 77760-2-I
    Appellant, )
) DIVISION ONE
    v. )
) UNPUBLISHED OPINION
LEWIS COUNTY DEMOCRAT )
CENTRAL COMMITTEE; CAROL )
BROCK, LEWIS COUNTY DEMOCRAT )
CENTRAL COMMITTEE CHAIR, )
)
    Respondents. ) FILED: July 9, 2018

TRICKEY, J. — Chuck Haunreiter appeals from the trial court's denial of his request for injunctive relief against the Lewis County Democrat Central Committee and Carol Brock,[1] imposition of CR 11 sanctions, and denial of his motion for reconsideration. We remand for the trial court to strike a condition prohibiting Haunreiter from filing for further affirmative relief prior to paying his outstanding CR 11 sanctions. We otherwise affirm.

## FACTS

In 2014, Haunreiter was elected as a Democratic Precinct Committee Officer (PCO) for the 7th Chehalis Precinct in Lewis County. Prior to a meeting of the members of the Democrat Central Committee, the Chair asked Haunreiter not to raise certain issues. During the meeting, Haunreiter attempted to discuss the

---

[1] Carol Brock is the Chair of the Lewis County Democrat Central Committee. In this opinion, we refer to Brock as "the Chair." We refer to Brock and the Lewis County Democrat Central Committee collectively as "the Committee."

issues. The Chair asked Haunreiter to leave. Haunreiter refused, and the meeting was adjourned.

After subsequent meetings involved further friction between Haunreiter and the Democrat Central Committee members, the Executive Board of the Democrat Central Committee informed Haunreiter that he was no longer allowed to attend Democrat Central Committee meetings. In February 2016, the Committee locked Haunreiter out of a Democrat Central Committee meeting.

In March 2016, Haunreiter, representing himself, sued the Committee in the Lewis County Superior Court. In his complaint, Haunreiter requested a declaratory judgment that the Committee did not have authority to lock him out of Democrat Central Committee meetings; that Haunreiter be allowed to attend Democrat Central Committee meetings and participate as a fully elected PCO; and that any actions taken by the Democrat Central Committee at meetings where Haunreiter was not present be declared null and void. Haunreiter requested an award of attorney fees and costs.

Haunreiter filed two motions to change venue. The trial court denied his motions and imposed CR 11 sanctions. Haunreiter paid the CR 11 sanctions within a week after they were imposed.

Haunreiter lost his bid for reelection as a PCO in 2016, while his lawsuit was pending.

On January 18, 2017, Haunreiter filed a motion for injunctive relief. In his motion, he argued that the Committee (1) had violated his First Amendment right to free speech, (2) had violated his First and Fourteenth Amendment rights to free

2

speech, and (3) had violated his procedural due process rights. He requested in part a finding that the Committee did not have the authority to ban him from Democrat Central Committee meetings; declaratory relief regarding the unlawful and unconstitutional acts of the Committee; appropriate equitable relief against the Committee, "including the enjoining and permanent restraining of these violations;" permission to attend Democrat Central Committee meetings; appointment as a co-PCO for each month he was unconstitutionally banned from attending Democrat Central Committee meetings; and that any Committee actions taken in his absence be declared null and void.[2]

At a hearing on January 27, 2017, the trial court told Haunreiter that it was going to deny his motion for injunctive relief, and stated that there were grounds for imposing sanctions for violation of CR 11.

On February 17, 2017, Haunreiter filed a motion for reconsideration, which the trial court denied on February 24.

Also on February 24, the trial court filed its written order denying Haunreiter's motion for injunctive relief. The trial court found that Haunreiter's various requests for relief were unsupported by law or fact, that several issues could not be addressed without summary judgment or a trial, and that he had not satisfied the elements necessary for a grant of injunctive relief. The trial court also found Haunreiter in violation of CR 11. The trial court imposed sanctions of $1,220 on Haunreiter, and ordered him to pay the sanctions to the Committee's attorney

---

[2] Clerk's Papers (CP) at 46-47.

prior to filing for further affirmative relief.

Haunreiter, again representing himself, appeals the trial court's February 24, 2017 orders denying his motion for injunctive relief and imposing CR 11 sanctions, and denying his motion for reconsideration.[3]

ANALYSIS

Injunctive Relief

Haunreiter argues that the trial court erred when it declined to grant his motion for injunctive relief. We examine each of Haunreiter's claimed errors in turn.[4]

---

[3] There is a question regarding the appealability of the trial court's denial of Haunreiter's motion for injunctive relief because Haunreiter's underlying case is still pending. A motion for a preliminary injunction does not seek a final ruling on the merits of the case; rather, it is an interlocutory order granted at the outset during the pendency of an action to preserve the status quo until the rights of the parties have been finally determined by the courts. League of Women Voters of Wash. v. King County Records, Elections, & Licensing Servs. Div., 133 Wn. App. 374, 384 n.33, 135 P.3d 985 (2006) (citing McLean v. Smith, 4 Wn. App. 394, 399, 482 P.2d 789 (1971)). Therefore, a trial court's order denying a preliminary injunction is generally not appealable as a matter of right, and appellate review is limited to discretionary review. RAP 2.3(a); McLean, 4 Wn. App. at 400.

Division Two of the Washington State Court of Appeals transferred Haunreiter's case to this court. The record does not contain Division Two's rationale for granting review on Haunreiter's appeal, and the parties have not briefed this issue. Nevertheless, we conclude it is appropriate to address the merits of Haunreiter's appeal.

[4] Haunreiter generally contends that the Committee did not respond to many of his allegations, and thus the trial court erred in denying his motion for injunctive relief. We disagree. Haunreiter had the burden of proof to support his request for injunctive relief. See NW Gas Ass'n v. Wash. Utils.& Transp. Comm'n, 141 Wn. App. 98, 120-21, 168 P.3d 443 (2007). Therefore, Haunreiter had the burden of proving each of his claims, and the Committee was not obligated to respond to all of his arguments.

Haunreiter also argues that the trial court erred in denying his motion for injunctive relief because the issues he raised did not have to wait for trial or summary judgment, and the trial court could have narrowed the issues prior to trial. We disagree. Haunreiter is essentially arguing that several issues should have been decided on summary judgment. He filed a motion for injunctive relief below, not a motion for summary judgment. Thus, his requested remedy was not proper in his motion for injunctive relief.

To obtain a temporary or permanent injunction, a party must establish: "'(1) that he has a clear legal or equitable right, (2) that he has a well-grounded fear of immediate invasion of that right, and (3) that the acts complained of are either resulting in or will result in actual and substantial injury to him.'" Tyler Pipe Indus., Inc. v. State, Dep't of Revenue, 96 Wn.2d 785, 792, 638 P.2d 1213 (1982) (quoting Port of Seattle v. Int'l Longshoremen's & Warehousemen's Union, 52 Wn.2d 317, 319, 324 P.2d 1099 (1958)); RCW 7.40.020.

The trial court evaluates these elements "in [the] light of equity, including the balancing of the relative interests of the parties and the interests of the public, if appropriate." Rabon v. City of Seattle, 135 Wn.2d 278, 284, 957 P.2d 621 (1998). The burden is on the party requesting injunctive relief to satisfy all three elements. Federal Way Family Physicians, Inc. v. Tacoma Stands Up for Life, 106 Wn.2d 261, 265, 721 P.2d 946 (1986).

The trial court "must reach the merits of purely legal issues for purposes of deciding whether to grant or deny the preliminary injunction, and a reviewing court must similarly evaluate purely legal issues in assessing the propriety of a decision to grant or deny a preliminary injunction." Rabon, 135 Wn.2d at 286. But a court may not adjudicate the ultimate merits of the case when ruling on a preliminary injunction. Rabon, 135 Wn.2d at 286.

"The trial court is vested with a broad discretionary power to shape and fashion injunctive relief to fit the particular facts, circumstances, and equities of the case before it. Appellate courts give great weight to the trial court's exercise of

that discretion." Brown v. Voss, 105 Wn.2d 366, 372, 715 P.2d 514 (1986) (emphasis omitted).

*Authority of the Committee*

Haunreiter argues that the trial court erred when it did not grant his requested relief of a finding that the Committee did not have authority to ban him from Democrat Central Committee meetings and a declaratory judgment that the Committee had acted unlawfully while doing so. We disagree.

The purpose of an injunction is to prevent irreparable harm by "preserv[ing] and keep[ing] things in status quo until otherwise ordered and [by restraining] an act which, if done, would be contrary to equity and good conscience." Blanchard v. Golden Age Brewing Co., 188 Wash. 396, 415, 63 P.2d 397 (1936). In contrast, a party whose rights are affected by a statute or other legal authority "may have determined any question of construction or validity arising under the . . . statute" or other legal authority through a declaratory judgment that declares the "rights, status or other legal relations thereunder." RCW 7.24.020.

Here, Haunreiter's request for a finding that the Committee did not have the authority to ban him from Democrat Central Committee meetings and for a declaratory judgment that the Committee acted unlawfully when it did so are beyond the scope of a motion for injunctive relief. A party's motion for injunctive relief must ask the trial court to halt actions of the other party to prevent irreparable harm and maintain the status quo. Haunreiter's requested relief did not request the trial court to halt actions of the Committee. Rather, Haunreiter asked the trial court to determine whether the Committee acted improperly when it banned him

6

from Democrat Central Committee meetings. As such, the trial court did not err when it declined to grant Haunreiter's requested relief in his motion for injunctive relief.[5]

*Immediate and Irreparable Injury*

Haunreiter argues that the trial court erred when it denied his request for injunctive relief because he showed that immediate and irreparable injury, loss, or damage would occur. We disagree. To obtain injunctive relief, a party must show that actions of the party targeted by the injunction are currently resulting in or will result in actual and substantial injury to the requesting party. Tyler Pipe Indus., Inc., 96 Wn.2d at 792. Here, Haunreiter supports his argument by citing the harm he suffered when the Committee barred him from attending Democrat Central Committee meetings as a PCO. But this is a past harm that is not presently occurring or that will occur in the future, as Haunreiter lost his bid for reelection as a PCO. Therefore, because Haunreiter has not demonstrated that he is currently suffering or will suffer substantial injury, we conclude that the trial court did not err.

---

[5] Haunreiter also argues that the trial court erred when it found that the Committee is a private organization with authority to ban him from Democrat Central Committee meetings. It is true that the trial court stated that the Committee was a private organization at the hearing on Haunreiter's motion. But the trial court's statement was not reflected in its order denying Haunreiter's motion for injunctive relief. Further, the question of whether the Committee is a private organization is a factual determination that cannot be properly resolved in a motion for injunctive relief.

*Attendance of Future Democrat Central Committee Meetings*

Haunreiter argues that the trial court erred when it declined to award him his requested relief of appointing him as a co-PCO. We disagree. Haunreiter requested that the trial court appoint him as a co-PCO authorized to attend Democrat Central Committee meetings for a term lasting the number of months he was illegally barred from attending meetings as a PCO. This request does not ask the trial court to halt actions of the Committee to maintain the status quo.

Moreover, the requested relief would only be proper if the Committee had acted improperly when it barred Haunreiter from attending Democrat Central Committee meetings. Thus, Haunreiter's requested relief was beyond the scope of his motion for injunctive relief. Further, it is unclear that the trial court has the authority to appoint someone to a position equivalent to that of an elected official and grant them that position's rights or duties. Therefore, we conclude that the trial court did not err when it declined to appoint Haunreiter as a co-PCO.

*Nullification of Committee Actions*

Haunreiter argues that the trial court erred by declining to declare that any actions taken by the Committee at meetings he was barred from were null and void. We disagree. Haunreiter's requested relief did not ask the trial court to halt any actions of the Committee. Moreover, his requested relief turned on whether the Committee acted improperly when it barred him from attending Democrat Central Committee meetings. Both his request for relief and the determination of whether the Committee acted improperly are also beyond the scope of a motion

8

for injunctive relief. We conclude that the trial court did not err when it declined to declare the relevant Committee actions null and void.

CR 11 Sanctions

*Imposition of CR 11 Sanctions*

Haunreiter argues that the trial court erred when it imposed CR 11 sanctions on him when it ruled on his motion for injunctive relief. Because the trial court properly noted that Haunreiter's motion for injunctive relief violated CR 11, we disagree.

A party or attorney must sign any "pleading, motion, or legal memorandum" to certify

> that the party or attorney has read the pleading, motion, or legal memorandum, and that to the best of the party's or attorney's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is well grounded in fact; (2) it is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law or the establishment of new law; (3) it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; and (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

CR 11(a). "CR 11 sanctions are available against a pro se litigant for filing a claim for an improper purpose, or if the claim is not grounded in fact or law and the signing litigant failed to conduct a reasonable inquiry." In re Recall of Lindquist, 172 Wn.2d 120, 136, 258 P.3d 9 (2011).

The trial court has discretion to impose sanctions for violation of CR 11 upon a party's motion or its own initiative. Labriola v. Pollard Grp., Inc., 152 Wn.2d 828,

842, 100 P.3d 791 (2004). "The burden is on the movant to justify the request for sanctions." Biggs v. Vail, 124 Wn.2d 193, 202, 876 P.2d 448 (1994).

"The standard of appellate review for [CR 11] sanctions is the abuse of discretion standard." Biggs, 124 Wn.2d at 197.

Here, the Committee requested that CR 11 sanctions be imposed on Haunreiter because he had not filed a supporting affidavit with his motion for injunctive relief and because his claims were unsupported by law, fact, or equity.[6] At the hearing on Haunreiter's motion, the trial court noted that Haunreiter had not provided a legal or factual basis for filing his motion, did not seem to be aware of the statutory elements necessary to successfully move for an injunction, and had apparently filed the motion without knowing what he was doing or for the purpose of delay. In its order denying Haunreiter's motion, the trial court found that Haunreiter had violated CR 11 because his motion "was not well grounded in fact, warranted by existing law, and other relief requested cannot be granted by motion absent trial or summary judgment."[7]

The trial court's reasons in its order denying Haunreiter's motion constitute ample grounds for imposing CR 11 sanctions on Haunreiter. Although Haunreiter argues that his motion was warranted under RCW 7.40.020, which provides the general grounds on which an injunction may be issued, this establishes only the

---

[6] Haunreiter argues that the Committee's response to his motion for injunctive relief did not specify the grounds for its requested CR 11 sanctions. This is not supported by the record, as the Committee's response to Haunreiter's motion provided several bases justifying the imposition of CR 11 sanctions.

[7] CP at 142-43.

availability of injunctive relief. It does not provide specific legal authority supporting his request for injunctive relief in this case. Therefore, we conclude that the trial court did not abuse its discretion when it imposed CR 11 sanctions on Haunreiter for defects in his motion for injunctive relief.[8,9]

*Requiring Payment of Sanctions Before Further Filings Allowed*

Haunreiter argues that the trial court erred when it prohibited him from filing for further affirmative relief until he had paid the CR 11 sanctions imposed for defects in his motion for injunctive relief. Because the record does not show that Haunreiter has previously failed to pay sanctions imposed by the trial court in a timely manner, we agree.

"The trial court retains broad discretion regarding the nature and scope of [CR 11] sanctions which could range from a reprimand to the full award of attorney's fees and other appropriate penalties." Rhinehart v. Seattle Times, 59 Wn. App. 332, 341, 798 P.2d 1155 (1990). "In fashioning an appropriate sanction [for a violation of CR 11], the trial judge must of necessity determine priorities in light of the deterrent, punitive, compensatory, and educational aspects of sanctions

---

[8] Haunreiter contends that the trial court improperly argued in favor of imposing CR 11 sanctions on him. We disagree. The trial court had discretionary authority to impose CR 11 sanctions on its own initiative. See CR 11; Labriola, 152 Wn.2d at 842. Thus, even if the trial court's statements at the hearing on Haunreiter's motion are construed as its own arguments in favor of imposing CR 11 sanctions, such arguments are within the trial court's authority.

[9] In his reply brief, Haunreiter argues that the trial court erred when it imposed CR 11 sanctions because his rights were violated during his time as a PCO, he argued in support of his request for a declaratory judgment in his motion for reconsideration, and his claims did not have to wait for trial. Reply Br. of Appellant at 3-4. Haunreiter's arguments concern the merits of his case and whether the trial court properly declined to grant the various forms of relief. Thus, they do not cure the defects in his motion for injunctive relief noted by the trial court when it imposed CR 11 sanctions.

as required by the particular circumstances." Miller v. Badgley, 51 Wn. App. 285, 303, 753 P.2d 530 (1988).

Here, prior to filing his motion for injunctive relief, the trial court had sanctioned Haunreiter under CR 11 for filing two motions to change venue. Haunreiter paid these CR 11 sanctions within a week of their imposition. Therefore, Haunreiter has not demonstrated intransigence or other behavior that merits the trial court's harsh decision to prohibit him from filing for further affirmative relief until he had paid the new CR 11 sanctions. We conclude that the trial court abused its discretion, and direct that the condition be struck on remand.

## Sanctions on Appeal

The Committee requests that this court sanction Haunreiter on appeal for failing to comply with CR 11 and RAP 10.7.[10] An appellate court "will ordinarily impose sanctions on a party or counsel for a party who files a brief that fails to comply with [the rules of appellate procedure governing appellate briefs]." RAP 10.7. Haunreiter has not complied with several of these rules.[11] But because Haunreiter has represented himself in this litigation and has already been sanctioned below, we decline to impose sanctions on appeal under RAP 10.7.

---

[10] The Committee does not cite to RAP 10.3(a), which governs the content of the appellant's opening brief on appeal. We construe the Committee's argument that Haunreiter violated CR 11 as argument that he did not comply with RAP 10.3(a).

[11] Haunreiter's brief was not timely filed under RAP 10.2(a), did not contain a proper table of authorities as required by 10.3(a)(2), and Haunreiter's brief generally did not contain supporting case law or legal analysis as required by RAP 10.3(a)(6).

We remand to strike the condition prohibiting Haunreiter from filing for further affirmative relief prior to paying his outstanding CR 11 sanctions. We otherwise affirm.

_Trickey, J_

WE CONCUR:

_Spearman, J._

_Dwyer, J._